(June 4, 1998)

■ STONEHILL PUBLISHING, INC., et al., Appellants, v CLANCY-CULLEN STORAGE CO. et al., Respondents. [673 NYS2d 665] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 2, 1997, which denied plaintiffs' motion to vacate the court's *sua sponte* dismissal of the action, unanimously reversed, on the law, without costs, the dismissal vacated, the action reinstated, and the matter remanded for further proceedings.

The trial court improperly invoked the "inherent powers" doctrine to *sua sponte* dismiss the instant action. The procedural facts of the action at bar do not present the rare instance where it is appropriate for the trial court to invoke its inherent power to dismiss an action for the attorneys' failure to appear at a status conference. None of the parties received notice of the conference. Further, there is no indication in the record that the parties were ever notified, by order or otherwise, of the dismissal. For over three years subsequent to the dismissal, the parties engaged in pretrial litigation activity. They became aware that the case had been dismissed when defendants' motion to dismiss was rejected by the court.

While we are cognizant of the trial court's need to exercise

effective calendar control, it would be more prudent to mark cases "off" pursuant to CPLR 3404 when such cases are unanswered on a clerk's calendar call. The section provides for automatic dismissal for neglect to prosecute if not restored within one year of the marking. Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.