■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant, v PAUL S. MIRMAN, Respondent. [702 NYS2d 295] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered October 22, 1998, granting defendant's CPLR 3404 motion dismissing the complaint for neglect to prosecute, and pursuant to CPLR 3126 for noncompliance with a discovery order, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the complaint reinstated and the matter remanded for further proceedings.

Plaintiff sued to recover for defendant's alleged default in an installment payment in connection with promissory notes executed in favor of a third-party promisee, and guaranteed by plaintiff. Apparently, defendant reimbursed plaintiff for some defaults, but not for a 1989 payment. After having received numerous extensions of time to answer the complaint, defendant did so in January 1996. In February 1996, plaintiff served defendant with a notice to admit, to which defendant responded in March 1996, and a first request for production of documents, to which defendant did not respond. In April 1996, defendant served his only discovery request on plaintiff consisting of a notice to admit and a first set of interrogatories. Defendant refused plaintiff's request for an extension of time to respond, moving, rather, in June 1996 to strike plaintiff's complaint. The motion was denied on the condition that plaintiff serve its

responses, which was done on January 6, 1997. On that date, the parties appeared for a preliminary conference. A discovery schedule was set forth, requiring that depositions be conducted on March 4, 1997, and that a notice of issue be filed by June 27, 1997. Compliance conferences were scheduled for March 24, 1997 and June 9, 1997. Plaintiff failed to appear for the March 24, 1997 compliance conference, and the case was marked off the calendar. Plaintiff thereafter denied having received notice of that order. Subsequently, plaintiff served a second notice to admit, to which defendant responded on March 2, 1998, and, on March 9, 1998, served a second request for production of documents, a first set of interrogatories and a notice to take a deposition. Defendant failed to appear for the deposition or to respond to the discovery requests. Plaintiff thereafter sought defendant's compliance with the outstanding discovery requests, to which defendant failed to respond. Rather, noting that in excess of one year had lapsed since the order marking the case off the calendar, defendant moved to dismiss the complaint pursuant to CPLR 3404, prompting plaintiff's rejoinder that it received no notice of that order and that its opposition papers should be deemed a cross-motion to vacate any default. The motion court erred in granting defendant's motion.

Various factors show that plaintiff never intended to abandon the action. Notably, a note of issue was not filed (*Chin v Ying Ping Fung*, 126 AD2d 415; *Auerbach v Kaufman*, 173 AD2d 229) and a calendar call was not made (*Auerbach v Kaufman*, supra; *Stonehill Publ. v Clancy-Cullen Stor. Co.*, 251 AD2d 25), indicating that dismissal was an improper exercise of discretion. In view of defendant's opportunity to respond to plaintiff's request for restoration in plaintiff's opposition papers, plaintiff's failure, under these circumstances, to serve a notice of cross-motion was not fatal to that relief (*Marx v Marx*, 258 AD2d 366), and the arguments and documents submitted in that connection satisfied plaintiff's burden. We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Tom, Mazzarelli and Saxe, JJ.