■ DOREL STEEL ERECTION CORP. et al., Respondents, v SEABOARD SURETY COMPANY et al., Appellants, et al., Defendant. [738 NYS2d 52] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered November 14, 2000, which granted partial summary judgment to plaintiffs in the amount of $698,554.33, plus interest from March 14, 1994, and the judgment entered thereon on December 29, 2000 in the sum of $1,125,845.21, unanimously reversed, on the law, without costs, and plaintiffs' motion denied.

With regard to the issue of which party was contractually responsible for providing the temporary fastening hardware needed to erect the architectural panels, the motion court correctly held that the language used in the subcontract between the two parties is not sufficiently clear to permit determination of the issue as a matter of law. We agree that resort to industry standards is necessary to interpret this ambiguous provision, and therefore the introduction of extrinsic evidence is an appropriate expedient.

However, the court erred in adopting, as a matter of law, the views expressed in the extrinsic evidence offered by plaintiffs. That evidence, consisting of an industry manual and three letters written by people in the industry, was not of such a definitive nature as to establish as a matter of law the industry standard the court sought to define in order to interpret the contract.

While it is the responsibility of the court to interpret written instruments where there is no ambiguity, "[i]f there is ambiguity in the terminology used, * * * and determination of the intent of the parties depends on the credibility of extrinsic evidence * * * then such determination is to be made by the jury" (*see, Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172).

Nor was it appropriate for the court to rely upon the bid proposal purportedly given to defendants prior to the negotiation of the contract for the work. Not only is there a dispute as to whether this document was received by defendants, but in any event, any such proposal merely constitutes a part of the negotiations, and would not be binding on defendants.

As to the prior dismissal of the action, given the erroneous nature of and grounds for the dismissal, the court had the

authority to correct the error without the need for a motion. Any dismissal here pursuant to CPLR 3404 was ineffective (*see, Johnson v Minskoff & Sons*, 287 AD2d 233; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, *lv dismissed* 96 NY2d 937; *and see, Stonehill Publ. v Clancy-Cullen Stor. Co.*, 251 AD2d 25).

Finally, since it is uncontested that plaintiffs never received notice of either the improperly scheduled conference or the marking off of the case, and defendants took no action calculated to apprise plaintiffs of these circumstances, any prejudice resulting from defendants' discarding of their file in this matter was, as the court below noted, "self-inflicted." Concur—Williams, J.P., Saxe, Ellerin, Lerner and Friedman, JJ.