(March 28, 2017)

■ Building Service Local 32B-J Pension Fund et al., Respondents-Appellants, v 101 Limited Partnership, Appellant-Respondent. [51 NYS3d 31]—

Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered June 7, 2016, after a nonjury trial, awarding plaintiffs a sum of money, unanimously modified, on the law, to direct that prejudgment interest on the breach of contract claims for the years 2008 and 2009 be calculated based on the accrual dates of May 1, 2009 and May 1, 2010, respectively, and to vacate the dismissal of the first counterclaim and to remand and reopen the trial on that counterclaim, in accordance with this decision, and otherwise affirmed, without costs.

In this commercial landlord-tenant action, the trial court

correctly determined that the fair and reasonable meaning of the term "expenses" in the net cash flow provision of the parties' leases did not include reserves required to be set aside by defendant as a condition of refinancing, by considering the term in the context of the parties' negotiation history, as evidenced by earlier drafts of the leases and the testimony of witnesses involved in the negotiations (*see Dorel Steel Erection Corp. v Seaboard Sur. Co.*, 291 AD2d 309 [1st Dept 2002]). Defendant's contention that this interpretation does not make business sense is not a basis on which to rewrite the contract to insert a provision expressly excluded (*see Reiss v Financial Performance Corp.*, 97 NY2d 195, 200-201 [2001]). Moreover, the business context sought to be introduced by defendant had no connection to the parties' dealings (*see Matter of Reuters Ltd. v Dow Jones Telerate*, 231 AD2d 337, 343 [1st Dept 1997]).

The claims for breach of contract for the lease years 2008, 2009, and 2011 accrued on three different dates. Thus, statutory prejudgment interest on the damages for each claim should be computed from the date on which those damages were incurred (CPLR 5001 [b]; *see Spodek v Park Prop. Dev. Assoc.*, 96 NY2d 577, 581 [2001]).

The trial court erred in dismissing, at the close of defendant's case, the counterclaim for breach of the lease requirement to "take good care of the Premises, . . . Building-Wide Systems, . . . [and] sidewalks" and "make all Repairs . . . necessary to keep the same in good and safe order and working condition . . . whether . . . necessitated by wear and tear, *obsolescence* or defects, latent or otherwise" (emphasis added). The lease itself provided the standard of care, stating that "[t]he necessity and adequacy of Repairs made shall be measured by standards . . . appropriate for first class New York City office buildings of similar age, construction and use." Contrary to plaintiff's argument, the lease requires more than just that building wide systems be working. Viewed most favorably to defendant (*see* CPLR 4401; *City of New York v P.A. Bldg. Co.*, 23 AD3d 240 [1st Dept 2005], *lv denied* 6 NY3d 707 [2006]), the evidence establishes a prima facie case that the building systems at issue and the sidewalks had not remained current, "in touch with the times," during plaintiffs' tenancy and were no longer appropriate for a first class building at the time of defendant's service of the notice of default (*see e.g. People ex rel. Brooklyn Hgts. R.R. Co. v State Bd. of Tax Commrs.*, 69 Misc 646, 659 [Sup Ct, Albany County 1910], *affd* 146 App Div 372 [3d Dept 1911], *affd* 204 NY 648 [1912]). While the failure of defendant to provide evidence of the systems in

comparable first class buildings may affect the ultimate weight given to defendant's evidence, it did not warrant a dismissal for failure to prove a prima facie case. We note that the counterclaim is based upon a December 2010 default notice, which would be the appropriate time period at which the court should determine if plaintiff was in compliance with the lease provision. The trial on the counterclaim is reopened and remanded to the same trial judge for a continued trial at which plaintiff should be given an opportunity to defend. Concur—Andrias, J.P., Feinman, Gische and Gesmer, JJ.