Dabrowski v ABAX Inc. (2021 NY Slip Op 06035)





Dabrowski v ABAX Inc.


2021 NY Slip Op 06035


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Mazzarelli, J.P., Shulman, Pitt, Higgitt, JJ. 


Index No. 106778/07 Appeal No. 14545 Case No. 2020-04698 

[*1]Jerzy Dabrowski et al., Plaintiffs-Respondents,
v
ABAX Incorporated etc., et al., Defendants-Appellants, John Doe Bonding Companies, 1-20, et al., Defendants.


Milman Labuda Law Group PLLC, Lake Success (Netanel Newberger of counsel), for ABAX Incorporated, appellant.
Bernard Kobroff, Scarsdale, for John Bleckman and Edward Monaco, appellants.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondents.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered November 5, 2020, which denied defendants' motion to strike the note of issue, unanimously affirmed, with costs.
In light of the unusual circumstances underlying this litigation, Supreme Court providently exercised its discretion in denying defendants' motion to vacate the note of issue while allowing discovery to continue (see WVH Hous. Dev. Fund Corp. v Brooklyn Insulation & Soundproofing, Inc., 193 AD3d 523 [1st Dept 2021] ["A court, in its discretion, may allow post-note of issue discovery without vacating the note of issue as long as prejudice to either party would not result"]). Contrary to defendants' contention that the action had been dismissed pursuant to 22 NYCRR 202.27, the court recognized that an entry on ecourts reflecting a final disposition of the action was a clerical error, as there was no order of dismissal (see Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 19 [2d Dept 2013]; see also Dorel Steel Erection Corp. v Seaboard Sur. Co., 291 AD2d 309, 309-310 [1st Dept 2002]). Even by defendants' rendition of the facts, the court that had purportedly disposed of the action did not note any default but rather told defendants that they could move to dismiss the claims of certain class members who did not appear for their depositions.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021