■ ANNA DAVILA, Appellant, v ELVIN GALARZA, Respondent. [638 NYS2d 475] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Huttner, J.), dated July 14, 1994, which granted the defendant's motion to restore the case to the calendar and, upon doing so, dismissed the complaint for failure to prosecute pursuant to CPLR 3404.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is denied, and the complaint is reinstated.

Since there is no evidence that a note of issue was filed in the action placing the action on the court's calendar (see, CPLR 3402), the court incorrectly relied on CPLR 3404 in dismissing the action. Rather, the provision governing dismissal of this action was CPLR 3216 (see, Seigel, NY Prac §§ 375, 376, at 556-

561 [2d ed]). However, since no demand to file a note of issue within 90 days was served, dismissal under CPLR 3216 would also have been improper *(see,* CPLR 3216 [b]). The contention of the defendant and Motor Vehicle Accident Indemnification Corporation that the complaint should have been dismissed on the alternative ground that the plaintiff settled with a codefendant is without merit *(see,* Insurance Law § 5210; *White v Ramirez,* 159 Misc 2d 925). Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.