■ Martha Anne Boger, Appellant, v City of New York et al., Defendants, and National Railroad Passenger Corporation, Doing Business as Amtrak, Respondent. [649

NYS2d 661] —Order, Supreme Court, New York County (Louis York, J.), entered on or about August 15, 1995, which granted defendant-respondent's motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, unanimously affirmed, without costs.

In this action commenced in February 1990, plaintiff sought damages for bodily injuries allegedly sustained in a slip and fall. The action was marked off calendar on December 7, 1993, for plaintiff's failure to attend a preliminary conference. In response to defendant-respondent's motion to dismiss in March of 1995, plaintiff's counsel claimed that he was never served with a 90-day notice and that his adversaries did not notify him of the scheduled conference either before or after it was held. Irrespective of the movant's failure to serve a 90-day notice, plaintiff's case was dismissed automatically one year after being stricken from the calendar (CPLR 3404). Although the presumption that an action so dismissed has been abandoned is rebuttable, and the action may be restored upon a showing of a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party, and a lack of intent to abandon the action (*Rodriguez v Middle Atl. Auto Leasing*, 122 AD2d 720, 722, *appeal dismissed* 69 NY2d 874), plaintiff's attorney's affirmation in opposition failed to satisfy these criteria. Plaintiff offered no legitimate excuse for the 15-month period of inaction and failed to demonstrate a lack of intent to abandon or that defendant had not been prejudiced by the delay (*see, Moye v City of New York*, 168 AD2d 342, *lv dismissed* 77 NY2d 940). Concur—Milonas, J. P., Kupferman, Ross, Williams and Tom, JJ.