■ STEPHANIE CYRUS, Respondent, v MICHAEL DORAZIO, Appellant, et al., Defendant. [702 NYS2d 903] —In an action to recover damages for breach of contract, the defendant Michael Dorazio appeals from an order of the Supreme Court, Kings County (Jones, J.), dated July 28, 1998, which granted the plaintiff's motion to vacate the automatic dismissal of the action pursuant to CPLR 3404 and to restore the action to the calendar.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the action is dismissed.

Before a court may grant a motion to vacate the dismissal of an action pursuant to CPLR 3404, the plaintiff must establish all of the following: (1) a meritorious cause of action, (2) a reasonable excuse for the delay in prosecution of the action, (3) a lack of intent to abandon the action, and (4) a lack of prejudice to the defendant (see, Diamond v J.B.J. Mgt. Co., 220 AD2d 378). The plaintiff failed to establish these elements. O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.

■ MELISSA D'AMATO, Appellant, v AGIN KULLA et al., Defendants, and TERRELL BROWN et al., Respondents. [703 NYS2d 401] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated November 9, 1998, as granted the motion of the defendants Terrell Brown and Brown Auto Sales to dismiss the complaint insofar as asserted against them on the ground of lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The nondomiciliary defendants Terrell Brown and Brown Auto Sales did not have the minimum contacts with New York necessary to subject them to the jurisdiction of the New York State courts (see, International Shoe Co. v Washington, 326 US 310). Thus, the complaint was properly dismissed insofar as asserted against them (see, Matter of Spinale, 140 AD2d 611, 612).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Santucci, Florio and Smith, JJ., concur.