[725 NYS2d 57]

Miguel Lopez et al., Appellants, v Imperial Delivery Service, Inc., et al., Respondents.

Second Department, May 14, 2001

APPEARANCES OF COUNSEL

*Pulvers, Pulvers, Thompson & Kutner, L. L. P.,* New York City (*Marc R. Thompson* of counsel), for appellants.

*L'Abbate, Balkan, Colavita & Contini, L. L. P.,* Garden City (*Domingo R. Gallardo* and *Matthew P. Levy* of counsel), for respondents.

**OPINION OF THE COURT**

FEUERSTEIN, J.

The issue presented in this case is whether CPLR 3404, which provides that a case marked " 'off' or struck from the calendar * * * and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed," should be applied to cases where no note of issue has been filed, i.e., cases which have not yet reached the trial calendar. It has become an all too common practice in the trial courts to mark a case off during the discovery phase of litigation by deeming it to be on the court's "calendar" or by creating a special "purge" calendar for the purpose of marking the case off and then automatically dismissing it pursuant to CPLR 3404. For the reasons that follow, we hold that this practice is improper.

Resolution of the issue before us necessarily involves the interplay among three case management devices: CPLR 3404, CPLR 3216, and Uniform Rules for Trial Courts (22 NYCRR) § 202.27. Additionally, we must consider the intent underlying the creation of the Individual Assignment System.

## I. FACTS OF THIS CASE

On May 10, 1992, the injured plaintiff, Miguel Lopez, was involved in a motor vehicle accident with a vehicle owned by the defendant Imperial Delivery Service, Inc., and operated by the defendant "John Doe." Miguel Lopez and his wife, Gloria Lopez, commenced the instant action on March 9, 1993. Partial discovery was conducted but there was some delay due to the

substitution of counsel for both sides. A conference was held on March 21, 1997. Counsel for the defendants appeared, but the plaintiffs' counsel did not. Consequently, the matter was marked "off the calendar."

On June 2, 1997, the parties entered into a stipulation wherein they agreed that the action "may be restored subject to renewed discovery demands and independent medical examination of the plaintiff." In addition, the stipulation provided that either party could seek to have the stipulation "so ordered." When the plaintiffs failed to restore the action to the calendar within one year after it had been marked off, it was deemed abandoned, and dismissed by the Clerk of the Supreme Court, Suffolk County, on July 6, 1998, pursuant to CPLR 3404.

Approximately eight months later, by notice of motion dated March 29, 1999, the plaintiffs moved to restore the action. The plaintiffs' counsel submitted an affirmation stating that the stipulation dated June 2, 1997, was a good faith effort to allow the defendants to conduct additional discovery and to allow the plaintiffs to restore the action after the defendants conducted this additional discovery. The defendants, however, never conducted the additional discovery, although the plaintiffs' counsel tried to ascertain the discovery that the defendants required.

In opposition, the defendants' counsel agreed that the purpose of the June 2, 1997, stipulation was to allow the plaintiffs to restore the action subject to the condition that the defendants were allowed to complete certain discovery. However, the defendants' counsel refused to consent to restoration of the action claiming that the plaintiffs failed to have the stipulation "so ordered."

In reply, the plaintiffs' counsel submitted an affidavit stating that he did not appear at the March 21, 1997, conference because he was unaware of the conference, apparently because the plaintiffs' former counsel failed to inform him of the conference date.

By order dated September 2, 1999, the Supreme Court, Suffolk County, denied the plaintiffs' motion concluding that they had failed to meet their burden on a motion to restore after dismissal pursuant to CPLR 3404, of demonstrating a reasonable excuse, a meritorious cause of action, and lack of prejudice to the defendants. A judgment dismissing the action was entered September 28, 1999.

On or about October 13, 1999, the plaintiffs moved, in effect, for reargument. The defendants submitted opposition. After

the return date of the motion, by letter dated November 22, 1999, the plaintiffs advised the Supreme Court of a then-recent decision of this Court, *Cubed Enters. v Roach* (265 AD2d 537). The plaintiffs argued that our decision in *Cubed* stood for the proposition that a case could not be dismissed pursuant to CPLR 3404 where no note of issue had been filed. Accordingly, since a note of issue was not filed in the instant case, the dismissal of the action was improper. By order dated February 15, 2000, the Supreme Court, in effect, granted reargument and adhered to its prior determination.

The Supreme Court recognized that the decision in *Cubed Enters. v Roach (supra)* was contrary to its determination but concluded that our decision was "misguided." The court noted that nothing in CPLR 3404 requires that the case be on the trial calendar and that 22 NYCRR 202.27 (hereinafter section 202.27) allows a court to dismiss a complaint based upon the failure to appear at a scheduled conference. Further, the instant action was "marked off a purge calendar which was set up specifically to ferret out cases which were lingering in the courts without any action."

## II. LEGISLATIVE HISTORY AND RELEVANT STATUTES

### A. CPLR 3404

This section provides:

> "A case in the supreme court or a county court marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order."

This rule was derived from Rules of Civil Practice rule 302 (2) (hereinafter Rule 302 [2]). The original version of Rule 302 (2) was essentially the same as the present CPLR 3404 except in Rule 302 (2) there was a specific reference to cases marked off or struck from the "trial term" or "special term" calendar. When Rule 302 (2) was adopted as CPLR 3404, the specific reference to the trial and special term calendars was changed to a generic reference to the "calendar." The purpose of this revision was apparently to make CPLR 3404 consistent with other calendar practice rules. 1958 Second Preliminary Report of the Advisory Committee on Practice and Procedure title 36 indicates that the reason for the new calendar control rules

was to address problems in *trial calendar* delay. Nowhere is there a reference to discovery, motion, or pretrial calendars (*see*, 2d Prelim Report of Advisory Comm on Practice and Procedure title 36 [1958] [hereinafter Second Preliminary Report]; *see also*, 4th Prelim Report of Advisory Comm on Practice and Procedure tits 31, 36 [1960]). Indeed, the introduction and notes for proposed rule 36.1 to the Second Preliminary Report repeatedly refers to the trial calendar when discussing the purpose of the new rules. These reports ultimately led to the legislation creating CPLR 3404 and authorizing the Chief Administrator of the Courts to adopt rules for calendar control. Further proof of the legislative intent can be found by referring to the sections of the CPLR immediately preceding CPLR 3404. For example, CPLR 3402 relates to the procedure for filing a note of issue to place a case on the trial calendar, and CPLR 3403 relates to special trial preferences.

### B. CPLR 3216

CPLR 3216 requires three conditions precedent before a case can be dismissed for want of prosecution: (1) issue has been joined; (2) one year has elapsed from the joinder of issue; and (3) the court or a party has served a written demand that the plaintiff file a note of issue within 90 days.

CPLR 3216 is derived from Civil Practice Act § 181. That section merely set forth the court's inherent discretionary authority to dismiss a case for neglect to prosecute. When trial courts began dismissing cases pursuant to CPLR 3216, in response to pressure from the plaintiffs' Bar, the Legislature revised CPLR 3216 to limit a court's ability to dismiss for lack of prosecution (*see*, L 1964, ch 974; *see also*, L 1967, ch 770). The current language of CPLR 3216 requiring the service of a 90-day demand to file a note of issue is to give a plaintiff's attorney an opportunity to complete the discovery phase of the case before the drastic sanction of dismissal is imposed. Accordingly, CPLR 3216 is clearly intended to apply to cases which have not yet reached the trial calendar.

### C. Uniform Rules for Trial Courts (22 NYCRR) § 202.27

This rule currently provides:

> "Defaults.
>
> "At any scheduled call of a calendar or at any conference, if all parties do not appear and proceed or announce their readiness to proceed immediately or subject to the engagement of counsel, the judge

may note the default on the record and enter an order as follows:

"(a) If the plaintiff appears but the defendant does not, the judge may grant judgment by default or order an inquest.

"(b) If the defendant appears but the plaintiff does not, the judge may dismiss the action and may order a severance of counterclaims or cross-claims.

"(c) If no party appears, the judge may make such order as appears just."

The January 1984 draft of section 202.27 provided:

"Calendar default; restoration; dismissal.

"(a) Applicability. This section governs calendar defaults, restorations and dismissals, other than striking a case from the calendar pursuant to a motion under section 202.21 relating to the note of issue and certificate of readiness.

"(b) At any scheduled call of a calendar or at a pretrial conference, if all parties do not appear and proceed or announce their readiness to proceed immediately or subject to the engagement of counsel, the judge presiding shall note the default on the record and enter an order as follows:

"(1) if the plaintiff appears but the defendant does not, the judge shall grant judgment by default or order an inquest;

"(2) if the defendant appears but the plaintiff does not, the justice shall dismiss the action and may order a severance of counterclaims or cross-claims;

"(3) if no party appears, the judge shall strike the action from the calendar.

"(c) Actions stricken from a calendar pursuant to subdivision (b) (3) may be restored to the calendar only upon stipulation of all parties so ordered by the court, or by motion on notice to all other parties, made within one year after the action is stricken. A motion must be supported by affidavit by a person having firsthand knowledge, satisfactorily explaining the reasons for the action having

been stricken, stating meritorious reasons for its restoration, including that there are meritorious claims, and showing that it is presently ready for trial."

It appears that the original version of section 202.27 contemplated that the court could strike a case from the calendar for failure to appear at a pretrial conference. However, in 1986 the Individual Assignment System (hereinafter IAS) was implemented for the purpose of controlling Supreme Court cases. As a result, then-Chief Judge Wachtler requested that the original version of section 202.27 be rescinded. The language regarding the striking and restoration of cases was removed and section 202.27 in its present form was adopted on January 1, 1986. It is significant that the original version of section 202.27 was rescinded as a result of the implementation of the IAS. Two of the objectives of the IAS were to encourage efficient trial court control of cases and to promote the disposition of cases within reasonable periods of time (*see*, Report of Comm Designated to Plan Implementation of Individual Assignment Sys for New York State Unified Ct Sys, Sept. 3, 1985, at 1). Therefore, it can be inferred that marking a case off or striking a case before the filing of a note of issue is not consistent with the purpose of the IAS. This conclusion is buttressed by other sections of the Uniform Rules for Trial Courts providing time frames within which all discovery must be completed (*see*, 22 NYCRR 202.19).

It is important to note that Supreme Court justices also have CPLR 3126 at their disposal, which provides the court with discretion to impose various sanctions for willful failure to comply with disclosure orders (*see also*, Rules of Chief Administrator of Cts [22 NYCRR] § 130-2.1).

The above legislative history demonstrates that marking a case off before it has even reached the trial calendar is contrary to the Supreme Court's role under the IAS. The court's obligation is to keep a close rein on its assigned cases by giving dates for completion of discovery and, if discovery is not completed timely, to impose sanctions pursuant to CPLR 3216 and 3126, 22 NYCRR 130-2.1 or 202.27. Additionally, it is difficult to imagine from what "calendar" the case would be marked off during discovery. While there are motion and conference calendars to indicate the date upon which a matter is to be heard by the Supreme Court justice assigned, marking the case off such a calendar does not and should not dispose of the case from the justice's inventory of cases. Further, as noted

above, motion and conference calendars were not contemplated when CPLR 3404 was enacted.

## III. APPLICABLE STANDARDS FOR RESTORATION

A case dismissed pursuant to CPLR 3216 or section 202.27 may be restored only if the plaintiff can demonstrate both a reasonable excuse for the default in complying with the 90-day notice or in failing to appear at a conference, respectively, and that a meritorious action exists (*see*, CPLR 5015 [a] [1]; *Traore v Nelson*, 277 AD2d 443; *Putney v Pearlman*, 203 AD2d 333). Such a motion must be made within one year after service of the order or judgment entered upon the default (*see*, CPLR 5015 [a] [1]). The plaintiff must establish a reasonable excuse and a meritorious cause of action assuming that he or she moves to vacate the default within one year. Failure to move within one year bars restoration regardless of the excuse or merits of the case (*see*, *Nahmani v Town of Ramapo*, 262 AD2d 291). This is consistent with the procedural posture of a case still in discovery because time is of the essence and any delay is inappropriate.

Restoration pursuant to CPLR 3404 is far more liberal and causes much more delay. It is possible that a case marked off pursuant to CPLR 3404, and subsequently dismissed after one year, could be restored even after several years of inactivity, assuming the plaintiff could demonstrate the merit of the action, a reasonable excuse for the delay, lack of intent to abandon the action, and a lack of prejudice to the nonmoving party (*see*, *Enax v New York Tel. Co.*, 280 AD2d 294; *Cippitelli v Town of Niskayuna*, 277 AD2d 540; *Nisselson v Hercules Constr. Corp.*, 269 AD2d 507). Consequently, were we to hold that a pre-note of issue case could be marked off pursuant to CPLR 3404, the case could remain inactive for years and then be revived by a motion to restore before it had even reached the trial calendar. Further, a case restored during the discovery phase will generally require the completion of outstanding discovery which could include the exchange of documents, depositions, and physical examinations. This result is contrary to the trial court's role of expeditiously moving the case to the trial calendar. However, the utilization of CPLR 3404 is entirely appropriate when the case is already on the trial calendar because in that situation there should be no further delay. Indeed, the purpose of marking a case off the trial calendar is generally to allow the parties to complete needed discovery.

In sum, the delay in a case dismissed pursuant to CPLR 3216 or section 202.27 will be at most one year, assuming the

case is eventually restored. The delay in a pre-note of issue case marked off pursuant to CPLR 3404 could be several years.

## IV. APPLICABLE CASE LAW

There are two lines of cases in this Court applying CPLR 3404 to pre-note of issue cases. In the first line of cases, this Court has properly held that CPLR 3404 is inapplicable to pre-note of issue cases (*see, Cubed Enters. v Roach*, 265 AD2d 537, *supra; Davila v Galarza*, 221 AD2d 308).

The second line of cases in this Court and in the other Appellate Divisions, however, have applied CPLR 3404 to pre-note of issue situations such as failure to appear at a preliminary conference and a pretrial conference (*see, Lieber v Vitelli*, 270 AD2d 396; *Cyrus v Dorazio*, 269 AD2d 419; *Soto v Ortiz*, 254 AD2d 347; *Stonehill Publ. v Clancy-Cullen Stor. Co.*, 251 AD2d 25; *Boger v City of New York*, 233 AD2d 182; *Marine Midland Bank-E. Natl. Assn. v Safari Animal Country*, 110 AD2d 1024). Indeed, the Appellate Division, First Department, in *Stonehill Publ. v Clancy-Cullen Stor. Co. (supra)* stated that the Supreme Court should not have dismissed an inactive case because there was no appearance by either side at a status conference. The First Department stated that "it would be more prudent to mark cases 'off' pursuant to CPLR 3404 when such cases are unanswered at a clerk's calendar call" (*Stonehill Publ. v Clancy-Cullen Stor. Co., supra*, at 26).

Contrary to the conclusion of the Appellate Division, First Department, and this Court's decisions applying CPLR 3404 to pre-note of issue cases, based upon the history and legislative intent of the relevant case management statutes set forth herein, and the Supreme Court's overriding obligation to keep close rein on cases assigned to it, CPLR 3404 should not be applied to pre-note of issue cases. The more prudent approach would be for the court to employ either CPLR 3216 or section 202.27 to expeditiously complete discovery, or at the very least assign control dates for the completion of outstanding discovery. The use of CPLR 3404 to obtain these goals is contrary to the purpose of the statute.

The need to goad inactive parties to complete discovery and difficulties beyond the control of both practitioners and the court, such as the illness of a party, which make compliance with discovery deadlines impossible, are understandably frustrating to the court charged with efficient disposition of matters before it. Nevertheless, the trial court's responsibility remains the same as it always has been: to fashion an order consistent with its obligation to bring discovery to an end as

quickly as possible. Marking a case off or striking a case during the discovery phase does not further that obligation because it only encourages inaction by the parties and counsel in completing discovery. Ultimately, marking a case off during discovery leads to unnecessary motion practice, loss of valuable time for discovery, and a waste of judicial resources.

In fact, many of the problems encountered by the trial courts and attorneys could be greatly reduced by the issuance of a scheduling order at the inception of the case and by requiring strict compliance with the dates for completion of discovery in order to avoid sanctions pursuant to CPLR 3126. For those cases that unfortunately get lost in the system, the so-called "purge calendar" is a useful tool to dispose of stagnant cases by issuing an order pursuant to section 202.27.

CPLR 3404 should be reserved strictly for cases that have reached the trial calendar. If a case is marked off pursuant to CPLR 3404 and is then restored, the trial should immediately follow. If CPLR 3404 is properly employed there should be no further delay in the disposition of the case upon its restoration.

Therefore, to the extent that this Court's prior decisions have applied CPLR 3404 to pre-note of issue cases, they should no longer be followed.

## V. APPLICATION TO THIS CASE

Here, the Supreme Court should not have marked the case "off" based upon the failure of the plaintiffs to appear at the conference on March 21, 1997. Rather, the court should have issued an order pursuant to section 202.27 (c) dismissing the action in its entirety or directing the payment of a sanction by the plaintiffs and scheduling a final date for the completion of discovery. Further, the case was certified as ready for trial long before it was marked off. Under that circumstance, the Supreme Court could have dismissed the case pursuant to CPLR 3216, since the certification order was essentially a 90-day notice (*see, Safina v Queens-Long Is. Med. Group,* 238 AD2d 395; *Longacre Corp. v Better Hosp. Equip. Corp.,* 228 AD2d 653). A dismissal pursuant to either of those sections would have required the plaintiffs to move to vacate their default within one year or be barred from restoring the case (*see,* CPLR 5015 [a] [1]). The problem with marking the case off as discussed above, is precisely what occurred here. The case languished until the parties realized the problem and began motion practice. In the almost four years since the case was marked off there have been two motions, two orders by the Supreme Court, and an appeal. Had the Supreme Court

properly dismissed the case or directed the completion of the outstanding discovery, the case would have been concluded by now. While we approve of the Supreme Court's use of a "purge calendar" to "ferret out" inactive cases, we disapprove of the action taken in this case based upon the plaintiffs' failure to appear at a conference.

Accordingly, because this action was never properly dismissed there was no need for a motion to restore. The case was, while perhaps comatose, still alive. Although we recognize that this decision may revive some rather old cases, such a result may be mandated under the circumstances and, in the long run, the proper disposition of cases will benefit the Bench and Bar.

The appeal from the intermediate order dated September 2, 1999, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]). The appeal from the judgment must be dismissed, as the judgment was superseded by the order dated February 15, 2000, made upon reargument. Therefore, the appeals from the order dated September 2, 1999, and the judgment are dismissed, the order dated February 15, 2000, is reversed insofar as appealed from, on the law, and upon reargument, the plaintiffs' motion is granted, and the judgment and the order dated September 2, 1999, are vacated.

RITTER, J. P., FRIEDMANN and H. MILLER, JJ., concur.

Ordered that the appeal from the order dated September 2, 1999, is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the order dated February 15, 2000, made upon reargument; and it is further,

Ordered that the order dated February 15, 2000, is reversed insofar as appealed from, on the law, upon reargument, the plaintiffs' motion is granted, the judgment and the order dated September 2, 1999, are vacated, and the matter is remitted to the Supreme Court for further proceedings; and it is further,

Ordered that the appellants are awarded one bill of costs.

[End of opinions for 282 AD2d.]