[737 NYS2d 158]

Fe Teresa De Jesus McCarthy, Appellant, v Grace G. Jorgensen et al., Respondents.

Third Department, January 31, 2002

**APPEARANCES OF COUNSEL**

*Harry R. Hayes, III,* Albany, for appellant.
*Walter J. Forman,* Cohoes, for respondents.

## OPINION OF THE COURT

PETERS, J.

This appeal concerns the dismissal of a complaint pursuant to CPLR 3404. Plaintiff and defendant Grace G. Jorgensen (hereinafter defendant), both medical doctors, formed a professional corporation in 1979 which operated out of offices located at defendant Bellevue Hospital, a corporation owned in part by defendant. In April 1993, plaintiff commenced an action against defendant and Bellevue asserting numerous causes of action which included a request for an accounting. In June 1993, plaintiff commenced a second action against defendant, Bellevue and others, which was later consolidated.

Extensive discovery was conducted and concluded by late 1994. In 1995, defendant commenced an action for dissolution due to the dearth of activity in the consolidated action. Pursuant to an agreement between the parties, an order was entered in 1998 dissolving the corporation yet preserving the pending litigation, as well as the records of the corporation, for a period of no less than three years. From 1995 through 2001, the consolidated action remained dormant.

In January 2001, plaintiff's counsel attempted to resume discovery. Defendants moved for, *inter alia*, a restraining order, as well as confirmation that the consolidated action had been dismissed as abandoned under CPLR 3404. In support of the motion, defendant submitted a copy of two memoranda which revealed that the Judge who had initially handled the consolidated action (Keniry, J.) had reported to the Court Clerk that the action was disposed of and, therefore, the Court Clerk had marked the cases off the calendar, pre-note of issue, in January 2000. In opposition, plaintiff unsuccessfully requested that the consolidated action be restored. Prior to the entry of a written order confirming that the consolidated action had been dismissed as abandoned, plaintiff sought to renew by submitting an affidavit from Mark Cacozza, former Law Clerk to Justice Keniry, who confirmed that it was he, and not Justice Keniry, who had reported the status of the action to the Court Clerk. Plaintiff further contended that CPLR 3404 was inapplicable to pre-note of issue cases, citing *Lopez v Imperial Delivery Serv.* (282 AD2d 190, *lv dismissed* 96 NY2d 937), which was decided by the Second Department after Supreme Court's oral ruling. Relying on this Court's decision in *Marine Midland Bank-E. Natl. Assn. v Safari Animal Country* (110 AD2d 1024), Supreme Court disagreed, finding that the consolidated action was properly marked off the calendar, pre-

note of issue, pursuant to CPLR 3404 and, therefore, it adhered to its previous determination that plaintiff failed to rebut the presumption of abandonment. Plaintiff appeals.

■■ We hold, in accord with the Second Department's decision in *Lopez v Imperial Delivery Serv.* (*supra*) and the First Department's recent pronouncement in *Johnson v Minskoff & Sons* (287 AD2d 233), that CPLR 3404 is not applicable to cases in which no note of issue has been filed (*see also, Wasilewicz v Village of Monroe Police Dept.*, 288 AD2d 377, 378; *Davila v Galarza*, 221 AD2d 308). To the extent that this Court's prior decision in *Marine Midland Bank-E. Natl. Assn. v Safari Animal Country* (*supra*) compels a contrary result, it should not be followed.

With the *Lopez* decision having exhaustively reviewed the relevant legislative history of CPLR 3404, 3216 and 22 NYCRR 202.27, as well as the interplay among these case management devices, we need only note that here, the proper course would have been to pursue, at the very least, a motion under CPLR 3216. Since no 90-day notice was served thereunder, we find the action to never have been properly dismissed and, therefore, there was no need for a motion to restore. As the Second Department stated in *Lopez*, "[t]he case was, while perhaps comatose, still alive" (*Lopez v Imperial Delivery Serv., supra*, at 200).

MERCURE, J. P., MUGGLIN, ROSE and LAHTINEN, JJ., concur.

Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the action as abandoned; motion denied; and, as so modified, affirmed.