■ MARION MILLER et al., Appellants, v JIM DUFFY et al., Respondents. [744 NYS2d 900] —Motion by the appellants for reargument of an appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated December 22, 1999, which was determined by decision and order of this Court, dated June 11, 2001, and cross motion by the respondents for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the cross motion, and the papers submitted in opposition thereto, it is

Ordered that the cross motion is denied; and it is further,

Ordered that the motion is granted; and it is further,

Ordered that, upon reargument, the decision and order of this Court, dated June 11, 2001 (*see Miller v Duffy,* 284 AD2d 380) is recalled and vacated and the following decision and order is substituted therefor:

In an action for specific performance of an option to purchase a cooperative apartment, the plaintiffs appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated December 22, 1999, which denied that branch of their motion which was to restore the action, and, in effect, denied those branches of their motion which were for disclosure and to amend the complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the plaintiffs' motion which was to restore the action is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

After the plaintiffs failed to appear at a scheduled pretrial conference, the action was marked "off" and purportedly dismissed pursuant to CPLR 3404. However, for the reasons stated in *Lopez v Imperial Delivery Serv.* (282 AD2d 190), CPLR 3404 was not applicable because the case was not on the trial calendar. Thus, the plaintiffs' motion to "restore" should have been granted.

The matter must be remitted to the Supreme Court, Kings County, for a determination on the merits of the remainder of the plaintiffs' motion, which was, in effect, denied as academic. Ritter, J.P., Smith, S. Miller and Goldstein, JJ., concur.