■ Robert J. Chauvin, Respondent, v William H. Keniry, Individually and as Coexecutor of Patrick J. Keniry, Deceased, et al., Appellants. [773 NYS2d 142]—

Kane, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered November 15, 2002 in Saratoga County, which denied defendants' motion to dismiss the complaint.

This case requires us to review different statutory bases for dismissing a matter for want of prosecution. The parties were partners in a law firm which ceased operations in 1983. Their accountant determined the distribution between the parties, with defendants owing plaintiff $1,329.71. A dispute arose over the distribution, leading to commencement of this action in 1988. In April 1993, plaintiff filed a trial note of issue and demanded a jury trial. Upon defendants' motion, Supreme Court struck plaintiff's demand for a jury trial. After a September 1993 bench trial, the court entered judgment in plaintiff's favor in the amount determined by the accountant. On appeal, this Court found that Supreme Court erred in striking plaintiff's demand and remitted for a jury trial (216 AD2d 753 [1995], *lv dismissed* 87 NY2d 896 [1995]).

The matter was scheduled for trial in the autumn of 1996, but for some reason no trial transpired. Both parties then moved for summary judgment. In December 1996, Supreme Court denied the motions, but permitted defendants to amend their counterclaim. This Court affirmed that decision in April 1998 (249 AD2d 745 [1998]). In September 2002, defendants moved to dismiss plaintiff's action for want of prosecution and abandonment, pursuant to CPLR 3216 and 3404. Finding dismissal inappropriate under either section, Supreme Court denied the motion and ordered plaintiff to file a trial note of issue. Defendants appeal.

CPLR 3404 is inapplicable because this matter was apparently restored to the trial calendar. That statute provides that a case "marked 'off' or struck from the calendar . . . and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute." This case was stricken from the trial calendar in 1993, upon conclusion of the trial and issuance of Supreme Court's decision (*see Butler v Brown*, 180 AD2d 406, 407 [1992], *lv denied* 80 NY2d 751 [1992]). This Court's 1995 decision remitted the matter to Supreme Court for a jury trial (216 AD2d 753 [1995], *supra*). Notwithstanding plaintiff's failure to file a notice to reschedule (*see* 22 NYCRR 202.45), Supreme Court apparently restored the matter to the trial calendar, as indicated by the scheduling of a trial in autumn 1996. Despite arguments that defendants' successful motion to amend their counterclaim

reverted the matter to pre-note-of-issue status, no motion was made to strike the matter and no order was made removing the matter from the trial calendar. Thus, Supreme Court's directive that plaintiff file a note of issue was incorrect and unnecessary because the note of issue filed in April 1993 was still in effect. As the note of issue was in effect and the matter was on the trial calendar, CPLR 3404 could not be a basis for dismissing this case.

CPLR 3216 is also inapplicable here. The Court of Appeals, in dictum, has indicated that "[a]ny dismissal for delay [following the filing and serving of a note of issue] would necessarily be based upon CPLR 3404," not 3216 (*Chase v Scavuzzo*, 87 NY2d 228, 233 [1995]). Consistent with this position is *Lopez v Imperial Delivery Serv.* (282 AD2d 190 [2001], *lv dismissed* 96 NY2d 937 [2001]), a thorough and detailed Second Department decision drawing a sharp line between the proper uses of CPLR 3404 and 3216. According to *Lopez*, "CPLR 3404 should be reserved strictly for cases that have reached the trial calendar" through the filing of a note of issue (*id.* at 199), and "CPLR 3216 is clearly intended to apply to cases which have not yet reached the trial calendar" (*id.* at 194). This Court has approvingly relied upon *Lopez* and its exhaustive review of the interplay among these statutes (*see McCarthy v Jorgensen*, 290 AD2d 116, 118 [2002]). Following *Lopez*, Professor Siegel acknowledged the separate functions of CPLR 3404 and 3216: "An attempt to get a case dismissed for non-prosecution before a note of issue is filed is governed exclusively by CPLR 3216 and requires rigid adherence to the 90-day notice procedure. Neglects to proceed after the filing of the note of issue are governed by CPLR 3404" (Siegel, 2003 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3216:32, 2004 Pocket Part, at 311). In the present case, where a note of issue has been filed, CPLR 3216 is unavailable to address the delay in prosecution.

Although this action unreasonably floundered for over 15 years, clearly being neglected for years at a time, we find no legal basis for dismissal. We therefore affirm.

Spain, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.