■ Anjanette Rogers-Kimpson, Appellant, v City of Yonkers et al., Respondents. [777 NYS2d 143]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 11, 2003, as, in effect, granted that branch of the defendants' motion which was to vacate the note of issue and certificate of readiness and denied her cross motion to extend her time to file a note of issue and/or to deem the note of issue to have been timely filed nunc pro tunc, to vacate the "mark off" of November 27, 2002, and to restore the action to the trial calendar.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which, in effect, granted that branch of the motion which was to vacate the note of issue and certificate of readiness and substituting therefor a provision denying that branch of the motion, (2) deleting the provision thereof denying the cross motion and substituting therefor a provision denying the cross motion as academic, and (3) adding thereto a provision reinstating the note of issue and certificate of readiness, vacating the "mark off" of November 27, 2002, and restoring the action to the trial calendar; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In a trial readiness order dated October 15, 2002, the Supreme Court directed the plaintiff to file a note of issue within 20 days, and further provided that if the note of issue was not timely filed, the action would be marked off the calendar on November 27, 2002. The plaintiff failed to file a note of issue until after the deadline expired, and the Supreme Court marked the action off its calendar.

Thereafter, the defendants moved pursuant to 22 NYCRR 202.21 (e), to vacate the note of issue and certificate of readiness on the ground that the action was marked off the court's calendar and dismissed, rendering the note of issue a nullity. The plaintiff cross-moved pursuant to CPLR 2004 to extend her time to file a note of issue and/or to deem the note of issue to have been timely filed nunc pro tunc, to vacate the "mark off" of November 27, 2002, and to restore the action to the trial calendar. The Supreme Court, inter alia, in effect, granted that branch of the defendants' motion which was to vacate the note of issue and certificate of readiness, and denied the cross motion.

While it was clearly reasonable for the Supreme Court to

determine that the imposition of a sanction was appropriate in view of the plaintiff's inexcusable disregard of its directive, the Supreme Court erred in failing to utilize the correct procedures available to it when it marked the case off the calendar and vacated the certificate of readiness. CPLR 3404 did not apply to this case at the time that the action was marked off because no note of issue had yet been filed (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 198 [2001]). Furthermore, no 90-day notice pursuant to CPLR 3216 had been filed, there was no order dismissing the complaint pursuant to 22 NYCRR 202.27 (*see Gendus v Sheraton/Atlantic City W.*, 302 AD2d 427 [2003]), and there was no preexisting order directing compliance with the timetable set forth by the Supreme Court. Accordingly, that branch of the defendants' motion which was to vacate the note of issue and certificate of readiness should have been denied. That branch of the plaintiff's cross motion which was to vacate the "mark off" of November 27, 2002, and to restore the action to the trial calendar should have been granted and the cross motion otherwise should have been denied as academic. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.