■ VIVIAN NEWMARK, Appellant, v ANIMAL EMERGENCY CLINIC OF HUDSON VALLEY, Respondent. [832 NYS2d 322]—

Mercure, J.P. Appeals (1) from a judgment of the Supreme Court (Bradley, J.), entered October 31, 2005 in Ulster County, upon a dismissal of the complaint at the close of certain testimony, and (2) from an order of said court, entered October 31, 2005 in Ulster County, which denied plaintiff's motion to set aside the judgment.

Plaintiff was the owner of a now-deceased dog. In September 2001, the attending veterinarian at defendant's emergency clinic, Leslie Nicosia, performed surgery on the dog to correct a twisted stomach. Plaintiff thereafter cared for the dog while he recovered from the surgery and a burn caused by a heating pad in defendant's clinic until the dog suddenly died in December 2001. A subsequent autopsy revealed that the dog had died of internal bleeding after one or more cancerous nodules on his spleen ruptured.

Plaintiff then commenced this action, alleging that defendant and its employees were negligent in treating the dog. Plaintiff sought damages for the dog's pain and suffering, his actual value and sentimental value, plaintiff's emotional distress, the value of plaintiff's time in caring for him and punitive damages. Following joinder of issue, the parties cross-moved for summary judgment. Supreme Court (McCarthy, J.) denied the motions but limited plaintiff's damages to the amount of the dog's fair market value (*see DeJoy v Niagara Mohawk Power Corp.*, 13 AD3d 1108, 1109 [2004]; *Schrage v Hatzlacha Cab Corp.*, 13 AD3d 150 [2004]; *Lewis v DiDonna*, 294 AD2d 799, 801 [2002]; *Johnson v Douglas*, 289 AD2d 202 [2001]).

The action proceeded to a jury trial and, after plaintiff testified, Supreme Court (Bradley, J.) granted her request for a one-day adjournment to produce her expert witness. When the trial recommenced, the court denied plaintiff's request for an additional two-day adjournment and granted defendant's motion to dismiss for "failure to prosecute" after the expert witness failed to appear. The court denied plaintiff's subsequent motion to set aside the dismissal of the complaint, noting that without

the expert's testimony, plaintiff failed to establish a prima facie case. Plaintiff appeals, and we now affirm.

Initially, we agree with plaintiff that Supreme Court improperly relied upon a rationale of want of prosecution in dismissing the complaint. The statutory authorization for such dismissals is found in CPLR 3216 and 3404, neither of which is applicable here because a note of issue had been filed and the case had not been marked off the calendar (see *Chase v Scavuzzo*, 87 NY2d 228, 233 [1995]; *Chauvin v Keniry*, 4 AD3d 700, 701-702 [2004], *lv dismissed* 2 NY3d 823 [2004]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 193-196 [2001], *lv dismissed* 96 NY2d 937 [2001]). We reject plaintiff's argument, however, that Supreme Court erred in refusing to grant her second request for an adjournment to produce the expert witness needed to establish a prima facie case of negligence.

The determination of whether to grant an adjournment is a matter resting within the sound discretion of the trial court (see CPLR 4402; *Brusco v Davis-Klages*, 302 AD2d 674, 674 [2003]; *Wolosin v Campo*, 256 AD2d 332, 333 [1998]). Generally, it " 'is an improvident exercise of discretion to deny such a request where the evidence is material, and the application is properly made and is not made for purposes of delay, and where the need for an adjournment does not result from the failure to exercise due diligence' " (*Brusco v Davis-Klages, supra* at 674, quoting *Matter of Shepard*, 286 AD2d 336, 337 [2001]; *see Canty v McLoughlin*, 16 AD3d 449, 450 [2005]). Here, it is undisputed that the trial was scheduled five months in advance and that plaintiff was granted a one-day adjournment on September 19, 2005 to produce her expert witness. Nevertheless, she failed to make her expert available on September 20, 2005, despite her assurances to Supreme Court that the witness would testify that day. We note that both before the trial court and on appeal plaintiff has failed to outline the steps she took to secure the expert witness, assert that she had made reasonable efforts to produce the witness, or offer any explanation beyond mere speculation for the witness's unavailability. Thus, while the expert's proffered testimony was material and necessary, we cannot say that the court improvidently exercised its discretion in refusing to grant plaintiff a second adjournment and dismissing the complaint for failure to establish a prima facie case (see *Paulino v Marchelletta*, 216 AD2d 446, 446 [1995]; *Terio v Terio*, 190 AD2d 665, 665-666 [1993], *appeal dismissed* 81 NY2d 994 [1993], *lv dismissed* 82 NY2d 778 [1993], *cert denied* 511 US 1022 [1994]; *Le Jeunne v Baker*, 182 AD2d 969, 969-970 [1992]; *see also Romero v City of New York*, 260 AD2d 461, 462 [1999]; *York v York*, 250

AD2d 841, 841 [1998]; *Goichberg v Sotudeh*, 187 AD2d 700, 701-702 [1992]).

Plaintiff's remaining arguments have been rendered academic by our determination or, upon consideration, found to be lacking in merit.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed, with costs.