■ GLENN SCHMIDT, JR., Individually and as Parent of GLENN SCHMIDT, III, and Infant, Respondent, v DAVID MACK, an Infant, by GEORGE MACK et al., His Parents, Appellant. [849 NYS2d 99]—

Kane, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered December 7, 2006 in Delaware County, which denied defendant's motion to dismiss the complaint.

Plaintiff commenced this personal injury action in June 1999 and issue was joined two months later. In September 2003, Supreme Court granted a motion for summary judgment dismissing the complaint against George Mack and Gail Mack. In June 2006, counsel for defendant sent plaintiff a written demand to resume prosecution and file a note of issue (see CPLR 3216). When no note of issue was filed, defendant moved to dismiss the complaint. The court denied the motion and set the case down for a pretrial conference, prompting defendant's appeal.

We affirm. To the extent that defendant's dismissal request was based on CPLR 3216, that statute was inapplicable under the facts of this case. CPLR 3216 applies only to cases in which no note of issue has been filed (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 194, 198-199 [2001], *appeal dismissed* 96 NY2d 937 [2001]; *see also Chauvin v Keniry*, 4 AD3d 700, 702 [2004], *appeal dismissed* 2 NY3d 823 [2004]; *McCarthy v Jorgensen*, 290 AD2d 116, 118 [2002]; *Johnson v Minskoff & Sons*, 287 AD2d 233, 236 [2001]). In its decision, Supreme Court noted that a note of issue was filed in March 2003, prior to its order granting summary judgment to the Macks. As a note of issue had been filed here, CPLR 3216 does not apply.

Defendant also cited CPLR 3404 in support of his motion. That statute applies in post-note of issue situations (*see Lopez v Imperial Delivery Serv.*, 282 AD2d at 199), but by its own terms it concerns only cases "marked 'off' or struck from the calendar or unanswered on a clerk's calendar call" (CPLR 3404). Although defendant's counsel submitted an affidavit averring that an employee in the clerk's office told him that the case was removed from the trial calendar in April 2004, this hearsay statement was insufficient to establish defendant's entitlement to dismissal (*see Moldovan v Miller*, 280 AD2d 362, 363 [2001]; *Mihaly v Mahoney*, 126 AD2d 791, 793 [1987]). Contrary to this hearsay allegation, Supreme Court recited in its decision that it reviewed the record in the clerk's office and determined that there had been no activity since the September 2003 order granting summary judgment to the Macks. Thus, as the court found that the case had never been marked off the calendar, dismissal was not permitted under CPLR 3404 (*see Newmark v Animal Emergency Clinic of Hudson Val.*, 38 AD3d 1110, 1112 [2007]).

Cardona, P.J., Crew III and Rose, JJ., concur. Ordered that the order is affirmed, with costs.