Lifson, J.
(dissenting and voting to reverse the order dated April 22, 2007, insofar as appealed from and grant the plaintiffs motion to vacate the order dated March 20, 1996, dismissing the action pursuant to CPLR 3404, and to restore the action to the trial calendar, with the following memorandum): On December 6, 1994 because depositions had not been completed in this medical malpractice action, the Supreme Court vacated the note of issue which Patricia J. Purgess had filed and marked the case off the trial calendar, with the direction that Purgess seek to have it restored, either by stipulation or motion, within one year. Purgess failed to seek restoration of the matter, and in an order dated March 20, 1996, the medical malpractice action was dismissed by the clerk for neglect to prosecute pursuant to CPLR 3404.
In 2004 Purgess commenced a legal malpractice action against the attorneys who represented her in the medical malpractice action, alleging that, but for their failure to prosecute it, she would have prevailed in the medical malpractice action. The defendants in the legal malpractice action moved for summary judgment dismissing the complaint, alleging, inter alia, that the medical malpractice action was not properly dismissed on March 20, 1996, that such action was therefore still viable and, because Purgess might still prevail in that action, her legal malpractice action is either premature or simply not viable. Thereafter, Purgess made the instant motion to restore the medical malpractice action. Notably, the plaintiff, motivated by a desire to avoid dismissal of the legal malpractice action, actually advances the alternative argument on this appeal that the clerk’s dismissal was appropriate and should not be vacated. Recognizing, however, that the March 20, 1996 dismissal by the clerk was a nullity in light of our decision in Lopez v Imperial Delivery Serv. (282 AD2d 190 [2001]), Purgess made the instant, pro forma attempt to have it vacated, in essence, to maintain the legal malpractice action. By order dated April 24, 2007, Purgess’s motion to vacate the dismissal of the medical malpractice action and restore it to the trial calendar was denied, and this appeal ensued.
*456 In Lopez, this Court held that because that action was never properly dismissed, there was no need for a motion to restore, as the dismissal of the action pursuant to CPLR 3404 was, in effect, a nullity, leaving the case, “while perhaps comatose, still alive” (id. at 200). Furthermore, the Court expressly held that CPLR 3404 is not a proper basis for dismissal of pre-note of issue cases and, consequently, this limitation of the application of CPLR 3404 could have the effect of reviving “some rather old cases” (id. at 200). The majority’s holding herein, that an improper dismissal of an action pursuant to CPLR 3404 can nevertheless be upheld on the ground of laches, is inconsistent with Lopez, and accomplishes indirectly a result which has been expressly prohibited by prior authority, viz., the dismissal of a pre-note of issue case for neglect to prosecute without compliance with CPLR 3216 (see Chase v Scavuzzo, 87 NY2d 228, 233 [1995] [“courts do not possess the power to dismiss an action for general delay where plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216 (b)”]).
The procedural device of dismissing an action for delay in prosecution is a legislative creation, not a part of the court’s inherent power (see Airmont Homes v Town of Ramapo, 69 NY2d 901 [1987], citing Cohn v Borchard Affiliations, 25 NY2d 237 [1969]). Indeed, it is well settled that a pre-note of issue action can only be dismissed for failure to prosecute if the preconditions contained in CPLR 3216 are met (see Baczkowski v Collins Constr. Co., 89 NY2d 499 [1997]; Travis v Cuff, 28 AD3d 749 [2006]; Hodge v New York City Tr. Auth., 273 AD2d 42 [2000]). “CPLR 3216, as it now reads, is extremely forgiving of litigation delay. A court cannot dismiss an action for neglect to prosecute unless: at least one year has elapsed since joinder of issue; defendant has served on plaintiff a written demand to serve and file a note of issue within 90 days; and plaintiff has failed to serve and file a note of issue within the 90 day period (CPLR 3216 [b])” (Baczkowski v Collins Constr. Co., 89 NY2d at 503). It is undisputed in this case that no demand to serve and file a note of issue within 90 days was ever served upon the plaintiff.
In my view, it is improper for the majority to obtain the prohibited result of dismissal of this action for neglect to prosecute despite the lack of compliance with CPLR 3216, merely by terming the rationale for the result as laches, particularly where, as here, the application of the doctrine of laches is contrary to established precedent (see Lopez v Imperial Delivery Serv., 282 AD2d 190 [2001]). This action was improperly *457 dismissed pursuant to CPLR 3404, and the conditions of CPLR 3216 were not met. As such, the plaintiff is entitled to have the March 20, 1996, dismissal of the medical malpractice action vacated and the action restored to the trial calendar. Therefore, I respectfully dissent.