### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 29, 2016                    523163
_____

NOVASTAR MORTGAGE, INC.,
                         Appellant,

        v                                    MEMORANDUM AND ORDER

PAUL C. MELIUS et al.,
                         Respondents,
                         et al.,
                         Defendants.
_____

Calendar Date:  November 15, 2016

Before:  Garry, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.

_____

        Greenberg Traurig, LLP, New York City (John C. Molluzzo Jr.
of counsel), for appellant.

        Barbaruolo Law Firm, PC, Latham (Justin Myers of counsel),
for respondents.

_____

Garry, J.P.

        Appeal from an order of the Supreme Court (Zwack, J.),
entered August 12, 2015 in Albany County, which denied
plaintiff's motion to, among other things, vacate a prior order.

        In 2007, plaintiffs commenced this foreclosure action
alleging that defendants Paul C. Melius and Michele Melius
(hereinafter collectively referred to as defendants) had
defaulted in their payments on a note and mortgage on property
located in the Town of Brunswick, Rensselaer County.  Defendants
did not file an answer or oppose the action.  In June 2009,
defendants filed a petition in bankruptcy, resulting in an
automatic stay of the foreclosure action.  Plaintiff's motion for

relief from the stay was granted in November 2009, and, in May 2010, Supreme Court (Platkin, J.) issued an order of reference upon plaintiff's motion.

There was no further activity until May 2012,[1] when Supreme Court removed the action from its docket as a result of plaintiff's failure to pursue the action following issuance of the order of reference. In April 2014, plaintiff filed a consent to change attorney, identifying a new law firm as counsel. This firm thereafter sent correspondence advising the court of the substitution and of plaintiff's intent to file a motion for a judgment of foreclosure, and asking the court to return the matter to the calendar. In July 2014, Supreme Court (Zwack, J.) denied the request by a letter decision and order in which the court found that plaintiff had failed to move for the case to be restored within 12 months after it was marked off the calendar as required by CPLR 3404 and had not demonstrated a reasonable excuse for its failure to do so. Thereafter, upon defendants' request, the Rensselaer County Clerk entered a judgment of dismissal pursuant to CPLR 3404. Plaintiff nevertheless obtained a referee's report of computation pursuant to the May 2010 order of reference and, in June 2015, moved for an order confirming the referee's report, granting a judgment of foreclosure and sale, vacating the July 2014 order and restoring the action to the court's calendar. Defendants opposed the motion. Supreme Court treated the application as a motion for relief pursuant to CPLR 5015 or, in the alternative, as a motion for renewal and reargument pursuant to CPLR 2221, and denied it in its entirety. Plaintiff appeals.

Initially, plaintiff followed the appropriate procedure in moving to vacate the July 2014 order. Contrary to Supreme Court's determination, plaintiff could not have challenged the order by taking a direct appeal. As the order was made in response to plaintiff's letter and did not decide a motion made upon notice, it was not appealable as of right (see CPLR 5701 [a]

---

[1]  In March 2012, plaintiff filed a consent to change attorney substituting counsel, but apparently did not notify Supreme Court of this substitution.

[2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]; Djeddah v Williams, 134 AD3d 479, 480 [2015]; Shields v Carbone, 99 AD3d 1100, 1101 n 2 [2012]). Such an order is properly challenged by moving on notice for vacatur, as plaintiff did here, and then by taking an appeal as of right if the requested relief is denied (see CPLR 5701 [a] [3]; Matter of Katherine B. v Cataldo, 5 NY3d 196, 201 n 1 [2005]; Sholes v Meagher, 100 NY2d at 335; Siegel, NY Prac § 244 at 425 [5th ed 2011]). Thus, the court should have addressed the merits of plaintiff's motion to vacate the July 2014 order, and the application should not have been denied based upon the standards applicable to motions pursuant to CPLR 5015 and 2221.

Further, as plaintiff contends, CPLR 3404, which permits the dismissal of cases that are "struck from the calendar . . . and not restored within one year thereafter," does not apply to cases that have not been placed on the trial calendar because no note of issue has been filed (see McCarthy v Jorgensen, 290 AD2d 116, 118 [2002]; Lopez v Imperial Delivery Serv., 282 AD2d 190, 199 [2001], lv dismissed 96 NY2d 937 [2001]; see also Schmidt v Mack, 46 AD3d 1205, 1206 [2007]). Here, as a note of issue had not been filed, dismissal for lack of prosecution was governed by CPLR 3216. This statute sets forth strict preconditions that must be satisfied before an action may be dismissed and "is extremely forgiving of litigation delay" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]; see Travis v Cuff, 28 AD3d 749, 750 [2006]; Chauvin v Keniry, 4 AD3d 700, 702 [2004], lv dismissed 2 NY3d 823 [2004]). An action may not be dismissed pursuant to this provision until, among other things, the court or the party seeking dismissal has served the opposing party with a written demand to serve and file a note of issue within 90 days and the opposing party has failed to do so (see CPLR 3216 [b] [3]; Cadichon v Facelle, 18 NY3d 230, 235 [2011]; Baczkowski v Collins Constr. Co., 89 NY2d at 503). When no note of issue has been filed and no 90-day demand has been served, "courts do not possess the power to dismiss an action for general delay" (Chase v Scavuzzo, 87 NY2d 228, 233 [1995]). Here, plaintiff was never served with the 90-day notice required by CPLR 3216; accordingly, the action was not properly dismissed and plaintiff's motion to vacate the July 2014 order should have been granted (see Cerrone v North Shore—Long Is. Jewish Health Sys., Inc., 134 AD3d 874,

875 [2015]; <u>Travis v Cuff</u>, 28 AD3d at 750; <u>McCarthy v Jorgensen</u>, 290 AD2d at 118).

Egan Jr., Devine, Clark and Mulvey, JJ., concur.

ORDERED that the order is reversed, on the law, with costs, motion granted to the extent of vacating the July 28, 2014 order and the judgment entered thereon.

ENTER:

Robert D. Mayberger
Clerk of the Court