Wilmington Trust, Natl. Assn. v Mausler (2021 NY Slip Op 01296)





Wilmington Trust, Natl. Assn. v Mausler


2021 NY Slip Op 01296


Decided on March 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 4, 2021

530109

[*1]Wilmington Trust, National Association, as Successor Trustee and Trustee, Respondent,
v
Craig Mausler, Also Known as Craig R. Mausler, et al., Appellants, et al., Defendants.

Calendar Date: January 6, 2021

Before: Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Craig Mausler, Schenectady, appellant pro se, and for Svetlana Mausler and another, appellants.
McCalla Raymer Leibert Pierce, New York City (Chong S. Lim of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Ryba, J.), entered July 16, 2019 in Albany County, which, among other things, granted plaintiff's motion for summary judgment.
Defendant Craig Mausler (hereinafter Mausler) executed a note in the amount of $382,600, and he and defendant Svetlana Mausler executed a mortgage secured by real property in Albany County in favor of defendant HSBC Mortgage Corporation. HSBC sent a letter, dated December 28, 2009, to Mausler indicating that he defaulted under the terms of the note by failing to make the required payments. After a series of assignments, plaintiff acquired the note. Plaintiff then commenced this mortgage foreclosure action in February 2016. After joinder of issue, various settlement conferences were held and, following the release of the matter from the conference settlement part, Supreme Court directed that a "proposed order of reference be filed [within] 30 days." Plaintiff did not comply with this deadline and, in April 2018, the matter was deemed "pre-marked off." In April 2019, plaintiff moved for, among other things, summary judgment, an order of reference and to add Victoria Mausler as a defendant. Mausler, Svetlana Mausler and Victoria Mausler (hereinafter collectively referred to as defendants) opposed the motion and cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion and denied defendants' cross motion. This appeal ensued.[FN1]
Defendants argue that plaintiff abandoned the action under CPLR 3404 and that Supreme Court erred in restoring the action to its calendar without a motion by plaintiff. Contrary to defendants' assertion, however, CPLR 3404 does not apply because the note of issue had not yet been filed (see Novastar Mtge., Inc. v Melius, 145 AD3d 1419, 1421 [2016]; Schmidt v Mack, 46 AD3d 1205, 1206 [2007]). Given the pre-note of issue status, dismissal for failure to prosecute was governed by CPLR 3216 (see Novastar Mtge., Inc. v Melius, 145 AD3d at 1421). That said, one condition for a case to be dismissed under CPLR 3216 is the service of a demand upon plaintiff to serve and file the note of issue within 90 days of the receipt of such demand (see CPLR 3216 [b] [3]). The record does not indicate that a 90-day demand was ever served upon plaintiff and, therefore, the action was never dismissed. To that end, a motion to restore by plaintiff was unnecessary (see McCarthy v Jorgensen, 290 AD2d 116, 118 [2002]).
Defendants contend that the action was not timely commenced. This contention rests on the premise that the debt was accelerated in December 2009 based upon a letter sent by HSBC to Mausler and, therefore, the action was untimely when commenced in February 2016. "[A]cceleration notices must be clear and unambiguous to be valid and enforceable" (U.S. Bank N.A. v Creative Encounters LLC, 183 AD3d 1086, 1087 [2020] [internal quotation marks and citation omitted], appeal dismissed 35 NY3d 1062 [2020]; see Bank of [*2]Am., N.A. v Luma, 157 AD3d 1106, 1107 [2018]). The December 28, 2009 letter advised Mausler that he was in default and that he could cure this default by making a payment "within thirty days from the date of this letter." The letter further stated that "[i]f you do not cure this default within the specified time period, your obligation for payment of the entire unpaid balance of the loan will be accelerated and become due and payable immediately" (emphasis added). Additionally, the letter provided that if the amount due was not paid, "foreclosure proceedings may commence to acquire the [p]roperty by foreclosure and sale" (emphasis added). The Court of Appeals, however, recently explained that such language does not evince an intent by the noteholder to "seek immediate payment of the entire, outstanding loan, but referred to acceleration only as a future event" (Vargas v Deutsch Bank Natl. Trust Co., ___ NY3d ___, ___, 2021 NY Slip Op 01090, *4 [2021]). Accordingly, contrary to defendants' contention, the December 2009 letter did not constitute a valid acceleration of the debt so as to trigger the applicable statute of limitations.
Defendants also argue that plaintiff failed to establish that it had standing. "To establish standing, a plaintiff must demonstrate that, at the time the action was commenced, it was the holder or assignee of the mortgage and the holder or assignee of the underlying note" (U.S. Bank Trust, N.A. v Moomey-Stevens, 189 AD3d 1790, 1791 [2020] [citations omitted]; see JPMorgan Chase Bank N.A. v Futterman, 173 AD3d 1496, 1497 [2019]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Goldman Sachs Mtge. Co. v Mares, 166 AD3d 1126, 1129 [2018] [internal quotation marks and citations omitted]). Plaintiff submitted an affidavit from a loan servicing associate of Nationstar Mortgage LLC — the servicer of the mortgage at issue. The associate averred that, as part of Nationstar's acquisition of the loan, it received the books and records of the prior servicer. The associate also stated that, upon a review of these books and records, Nationstar, as plaintiff's agent, has physical possession of the original note endorsed in blank and that plaintiff held the note prior to and at the time the action was commenced. As such, plaintiff satisfied its burden of showing that it had standing (see Deutsche Bank Natl. Trust Co. v DeGiorgio, 171 AD3d 1267, 1269-1270 [2019]; BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1158 [2017]). In opposition thereto, defendants failed to raise an issue of fact on this point.
Defendants further contend that plaintiff failed to comply with RPAPL 1304 regarding service of the requisite notice. The record contains certified mail receipts for the notices, but they do not show any dates or postmarks[*3](see TD Bank, N.A. v Leroy, 121 AD3d 1256, 1258 [2014]). Plaintiff relies on the affidavit from the loan servicing associate to demonstrate compliance with RPAPL 1304. The associate, however, "did not attest to familiarity with or provide any proof of the mailing procedures utilized by the party that allegedly mailed the RPAPL 1304 notice" (U.S. ROF III Legal Tit. Trust 2015-1 v Hayes, 188 AD3d 758, 760 [2020]; see HSBC Bank USA, N.A. v Gifford, 161 AD3d 618, 618 [2018]; TD Bank, N.A. v Leroy, 121 AD3d at 1258). Because plaintiff failed to tender proof establishing that it complied with RPAPL 1304, its motion should have been denied. Defendants likewise did not submit sufficient proof in connection with their cross motion showing that plaintiff did not comply with RPAPL 1304 and, as such, they are not entitled to summary judgment based on this ground (see TD Bank, N.A. v Leroy, 121 AD3d at 1258).
Finally, defendants contend that their cross motion should have been granted based on their affirmative defense of unclean hands. Assuming, without deciding, that this defense applies in mortgage foreclosure actions, defendants' reliance on it is unavailing (see Agility Funding, LLC v Wholey, 119 AD3d 1168, 1170 [2014]).
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion; said motion denied; and, as so modified, affirmed.



Footnotes

Footnote 1: Supreme Court's order was entered in July 2019. The notice of appeal, however, recites that the appeal is being taken from an order entered in August 2019. Notwithstanding this error, we exercise our discretion and deem the appeal as having been taken from the July 2019 order (see CPLR 5520 [c]; Ramirez v State of New York, 175 AD3d 1635, 1636 n 1 [2019], lv denied 35 NY3d 902 [2020]).