■ NORA GANNON et al., Appellants, v JOEL L. LAMM, Respondent. [711 NYS2d 760] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (O'Connell, J.), dated October 29, 1998, which denied their motion pursuant to CPLR 3404 to restore the case to the trial calendar, and (2), as limited by their brief, from so much of an order of the same court, dated March 23, 1999, as, upon granting their motion to reargue, adhered to the original determination.

Ordered that the appeal from the order dated October 29, 1998, is dismissed, as that order was superseded by the order dated March 23, 1999, made upon reargument; and it is further,

Ordered that the order dated March 23, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The court providently exercised its discretion in denying the plaintiffs' motion to restore the case to the trial calendar. A plaintiff who seeks to restore a case to the trial calendar within a year following its being stricken therefrom must show, *inter alia,* the existence of a meritorious cause of action and a sufficient reason for the delay (*see, Lupoli v Venus Labs.,* 264 AD2d 820; *Evans v Kringstein,* 225 AD2d 582; *Barton v Jablon,* 181 AD2d 755). The conclusory affidavit of the plaintiffs' medical expert was insufficient to establish the merits of the action (*see, Evans v Kringstein, supra*; *Iazzetta v Vicenzi,* 243 AD2d 540; *Barton v Jablon, supra*), and the plaintiffs failed to satisfactorily explain the delay. Joy, J. P., Friedmann, Krausman and H. Miller, JJ., concur.