■ MICHAEL FARLEY, Respondent, v DANAHER CORPORATION, Defendant, and HENNESSY INDUSTRIES, INC., Doing Business as AAMCO, Appellant. [744 NYS2d 709] —In an action to recover damages for personal injuries, the defendant Hennessy Industries, Inc., doing business as Aamco appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated July 16, 2001, which granted the plaintiff's motion to "restore" the action pursuant to CPLR 3404.

Ordered that the order is affirmed, with costs.

In January 1996 the plaintiff commenced this action against the defendants, Danaher Corporation (hereinafter Danaher) and Hennessy Industries, Inc., doing business as Aamco (here-

inafter Hennessy), alleging that he had sustained injuries on June 13, 1993, while using a product manufactured and maintained by the defendants. Danaher's motion for summary judgment dismissing the complaint insofar as asserted against it was granted in 1998, but the action proceeded against Hennessy. There is no note of issue in the record. Nevertheless, it is undisputed that the action was "marked off" on October 29, 1999, because the plaintiff's counsel failed to appear at a scheduled compliance conference. By notice of motion dated January 8, 2001, the plaintiff moved to "restore" the case to the "trial" calendar, although as noted above, no note of issue had been filed. The Supreme Court granted the motion, finding that the plaintiff demonstrated a meritorious action and that Hennessy was not prejudiced.

In a decision published approximately two months before the Supreme Court's decision in this case, this Court held that the practice of marking an action off the calendar pursuant to CPLR 3404 is improper if it occurs during the discovery phase of litigation, prior to the filing of a note of issue (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190). Moreover, because a case improperly marked off cannot be deemed dismissed pursuant to CPLR 3404, there is no need for a motion to restore and no need for the court to consider whether there is a reasonable excuse or a meritorious action.

The result would be no different if the Supreme Court had referred to a different rule in marking the case off (*see Johnson v Brooklyn Hosp. Ctr.*, 295 AD2d 567 [decided herewith]). It is the action taken upon the party's failure to appear at the conference, not the rule cited, which dictates the disposition of the action. Thus, when the plaintiff in this case failed to appear at the October 29, 1999 conference, the Supreme Court could have adjourned the case, ordered a conditional dismissal, dismissed the case outright pursuant to 22 NYCRR 202.27, or issued a 90-day notice pursuant to CPLR 3216. The Supreme Court chose, instead, to keep the case "alive," but "inactive." This is not an option under any of the procedural tools available to the trial court (*see Johnson v Brooklyn Hosp. Ctr., supra*). Accordingly, the Supreme Court had no choice but to "restore" the case. Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.