■ JEREMY JOHNSON et al., Appellants, v BROOKLYN HOSPITAL CENTER et al., Respondents. [744 NYS2d 215] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (R.

Goldberg, J.), dated April 4, 2001, as denied that branch of their motion which was for an order "reactivating" the case, and dismissed the complaint.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was for an order "reactivating" the case is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

This medical malpractice action was commenced on November 29, 1996. A preliminary conference was held on December 18, 1998, at which time an order was issued directing that the deposition of the plaintiff Jackie Cherington, the infant plaintiff's mother, be conducted by a date certain. The deposition commenced on April 21, 1999, but was not completed. Cherington failed to appear at the continuation of the deposition. The plaintiffs' counsel subsequently failed to appear for a status conference on December 14, 1999. Accordingly, the Supreme Court ordered the removal of the case from active status pursuant to 22 NYCRR 202.27. Significantly, there is no written order to this effect, nor was the direction made on the record. On or about November 13, 2000, the plaintiffs moved to (1) place the case on "active status," (2) extend their time to file a note of issue, and (3) set dates certain for the depositions of the defendants. In the order and judgment appealed from, the Supreme Court, inter alia, denied the motion and dismissed the complaint in its entirety, stating: "[P]laintiff failed to appear at the October 29, 1999 continuation of the deposition and plaintiffs' counsel failed to attend a status conference on December 14, 1999. *The latter failure then resulted in the court ordering the removal of the case from active status, [pursuant to] 22 NYCRR 202.27, and its potential, automatic dismissal a year later.* 'A plaintiff who seeks to restore a case to the trial calendar within a year following its being stricken therefrom must show, *inter alia*, the existence of a meritorious cause of action and a sufficient reason for the delay.' (*Gannon v Lamm*, 274 A.D.2d 376)." (Emphasis added [citations omitted].)

The Supreme Court further held that the plaintiffs failed to meet their burden and concluded that the action must be dismissed. We reverse.

22 NYCRR 202.27 provides:

"Defaults.

"At any scheduled call of a calendar or at any conference, if all parties do not appear and proceed or announce their readiness to proceed immediately or subject to the engagement of

counsel, the judge may note the default on the record and enter an order as follows:

"(a) If the plaintiff appears but the defendant does not, the judge may grant judgment by default or order an inquest.

"(b) If the defendant appears but the plaintiff does not, the judge may dismiss the action and may order a severance of counterclaims or cross-claims.

"(c) If no party appears, the judge may make such order as appears just."

Because the defendants' counsel appeared at the status conference on December 14, 1999, but the plaintiffs' counsel did not, 22 NYCRR 202.27 (b) applies. Accordingly, the only action the Supreme Court could have taken pursuant to 22 NYCRR 202.27 was to dismiss the action absolutely or conditionally by entering an order to that effect. Alternatively, the court could have adjourned the case or served a 90-day notice pursuant to CPLR 3216 (*see Lopez v Imperial Delivery Serv.,* 282 AD2d 190). As no note of issue was filed in this case, when the plaintiffs' counsel failed to appear at the status conference, there was no calendar from which to mark the case off. In so doing, the Supreme Court in this case used the language "removal from active status." Whatever that might mean, the Supreme Court's action is clearly equivalent to marking off a prenote of issue case. Our decision in *Lopez v Imperial Delivery Serv. (supra)*, makes clear that such a practice is not permitted. Although the Supreme Court cited an applicable court rule, 22 NYCRR 202.27, it is the action taken upon the parties' failure to appear, rather than the authority cited, which will dictate the disposition of the case. Accordingly, the order and judgment must be reversed insofar as appealed from, the branch of the motion which was for an order "reactivating" the case is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings. Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.