■ ROBERT HEMBERGER et al., Appellants, v JAMAICA HOSPITAL et al., Respondents. [761 NYS2d 252] —In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 28, 2002, which denied their motion to "restore" the action, and granted the defendants' separate cross motions to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied as unnecessary, the cross motions are denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

When the parties failed to appear at a conference on October 22, 1996, the Supreme Court apparently marked the case "inactive." Whatever that might mean, as no note of issue was filed in this case, the Supreme Court's action was clearly the equivalent to marking a prenote-of-issue case "off" (*see Johnson v Brooklyn Hosp. Ctr.,* 295 AD2d 567 [2002]). Our decision and order in *Lopez v Imperial Delivery Serv.* (282 AD2d 190 [2001]) makes clear that such a practice is not permitted. Thus, on the instant motions, there was no basis for denying the plaintiffs' motion to restore or for dismissing the action (*see Murray v Smith Corp.,* 296 AD2d 445 [2002]; *Torres v Nu-Way Mach. Corp. Co.,* 296 AD2d 545 [2002]; *Farley v Danaher Corp.,* 295 AD2d 559 [2002]; *Johnson v Brooklyn Hosp. Ctr., supra*). Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.