■ ARKALGUD RAMACHANDRA et al., Plaintiffs, and ARKALGUD LAKSHMIDEVI, Appellant, v GELCO CORPORATION et al., Respondents, et al., Defendant. (And a Third-Party Action.) [787 NYS2d 107]—

In a consolidated action to recover damages for personal injuries, etc., the plaintiff Arkalgud Lakshmidevi appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated October 1, 2003, as, upon, in effect, granting reargument, adhered to a prior determination in an order dated June 2, 2003, denying her motion to restore the case to the active calendar and to extend the time to file a note of issue and granted the separate cross motions of the defendants Floyd Sommerville and Bass & Bass Construction, and the defendants Gelco Corporation and Howard R. Cohen, pursuant to CPLR 3216 to dismiss the action insofar as asserted by her against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, in effect, upon reargument, the motion to restore the case to the active calendar and to extend the time to file a note of issue is granted, the order dated June 2, 2003, is vacated, the cross motions are denied, the action is reinstated insofar as asserted by the appellant against the respondents, and the appellant's time to complete outstanding discovery and file a note of issue is extended until 60 days after service upon her of a copy of this decision and order.

After receiving a 90-day notice pursuant to CPLR 3216, the appellant timely moved, inter alia, for an extension of time within which to file a note of issue (*see* CPLR 3216 [b] [3]). In order to vacate the demand and obtain an extension of time to file a note of issue the appellant was required to show either a need for the extension or good cause for the past delay (*see*

*Conway v Brooklyn Union Gas Co.*, 212 AD2d 497 [1995]). Since the appellant's motion was timely, no affidavit of merit was necessary (*see id.*).

The appellant made an adequate showing that she needed an extension of time to file a note of issue. As such, it was an improvident exercise of the court's discretion to deny her motion, and to grant the respondents' cross motions to dismiss the action insofar as asserted by the appellant against them. Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.