(January 9, 2007)

■ ANASTASIA GOUZOS ANTHOULIS, Appellant, v BETTY MASTOROS et al., Respondents. [827 NYS2d 297]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Rudolph, J.), dated January 18, 2006, which, among other things, certified that all discovery was complete

and directed her to file a note of issue within 20 days, and (2) from an order of the same court dated March 15, 2006, which denied her motion for an extension of time to complete discovery and directed her to file a note of issue within 20 days.

Ordered that the appeal from the order dated January 18, 2006 is dismissed, as that order (1) was superseded by the order dated March 15, 2006, and (2) did not decide a motion made on notice so as to be appealable as of right (*see* CPLR 5701 [a] [2]), and leave to appeal has not been granted (*see* CPLR 5701 [a]); and it is further,

Ordered that the order dated March 15, 2006 is reversed on the law and in the exercise of discretion, the order dated January 18, 2006 is vacated, the motion is granted, and the time for the plaintiff to complete outstanding discovery is extended until 60 days after service upon her of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Under the circumstances, the Supreme Court should have granted the plaintiff's motion for an extension of time to complete discovery (*cf., Ramachandra v Gelco Corp.*, 13 AD3d 510, 510-511 [2004]; *compare Dhaliwal v Long Boat Taxi*, 305 AD2d 449 [2003]; *Vitello v JAM Installers*, 264 AD2d 774 [1999]). Moreover, it was improper for the Supreme Court to direct in the order dated March 15, 2006 that the complaint would be dismissed without further order of the court if the plaintiff did not file a note of issue within 20 days. Pre-note-of-issue cases can be dismissed for want of prosecution only if the statutory preconditions for such dismissal are met (*see* CPLR 3216; *Travis v Cuff*, 28 AD3d 749, 750 [2006]). Here, those statutory preconditions were not met. Crane, J.P., Mastro, Santucci and Lifson, JJ., concur.