In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated April 12, 2012, which denied his motion, in effect, to restore the action to active status.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion, in effect, to restore the action to active status is granted.
This action arises out of an automobile accident that occurred on March 4, 2007. In May 2009, the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In an order dated January 22, 2010, the Supreme Court granted the motion upon the plaintiff’s failure to submit opposition papers.
In June 2010, the plaintiff moved, in effect, to vacate his default in opposing the motion for summary judgment, and to extend his time to serve and file papers in opposition to the defendants’ motion. In an order dated August 6, 2010, the plaintiffs motion was granted, and the order dated January 22, 2010, was vacated unconditionally. That order further directed the plaintiff to submit opposition papers by September 7, 2010, to pay defense counsel $500 in costs within 30 days, and to file a note of issue by November 1, 2010. Although the plaintiff paid the $500 in costs on or about September 3, 2010, he did not submit opposition papers by September 7, 2010, nor did he file a note of issue.
However, the defendants did not move to hold the plaintiff in default of those provisions. Moreover, the order dated August 6, 2010, was not a valid 90-day notice, since it directed the filing of a note of issue in less than 90 days (see Gladman v Messuri, 71 AD3d 827, 828 [2010]). Therefore, the plaintiffs failure to file a note of issue was of no consequence.
On November 12, 2010, the action was marked “Disposed” by the clerk. Within one year, on November 10, 2011, the plaintiff moved, in effect, to restore the action to active status, and annexed to that motion his opposition papers to the defendants’ *730 motion for summary judgment. In the order appealed from, the Supreme Court denied the motion.
Since no note of issue was filed in this case, this action was not on the trial calendar, and CPLR 3404 did not apply (see Khaolaead v Leisure Video, 18 AD3d 820 [2005]; Lopez v Imperial Delivery Serv., 282 AD2d 190 [2001]). Accordingly, there was no basis for denying the motion to restore (see Hemberger v Jamaica Hosp., 306 AD2d 244 [2003]).
The plaintiff was never adjudicated in default of the order dated August 6, 2010, and he has now complied with all binding provisions of that order, including filing papers in opposition to the defendants’ motion for summary judgment. Under the particular circumstances of this case, including the current procedural posture of the action, a determination of the issues on the merits, in keeping with the strong public policy in favor of resolving cases on the merits, is warranted (see Bunch v Dollar Budget, Inc., 12 AD3d 391 [2004]). Skelos, J.E, Balkin, Lott and Hinds-Radix, JJ., concur.