■ BRIAN CERRONE, Appellant, v NORTH SHORE—LONG ISLAND JEWISH HEALTH SYSTEM, INC., et al., Defendants. [20 NYS3d 539]—In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered November 13, 2013, which denied his unopposed motion to vacate the dismissal of the action, to restore the action to active status, to extend the time to file a note of issue, and to compel the defendants to comply with his discovery demands.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's unopposed motion to vacate the dismissal of the action, to restore the action to active status, to extend the time to file a note of issue, and to compel the defendants to comply with his discovery demands is granted.

Under the circumstances of this case, the Supreme Court should have granted the plaintiff's unopposed motion, inter alia, to vacate the dismissal of the action and to restore the action to active status. CPLR 3404 is inapplicable to pre-note of issue cases and, therefore, that statute did not provide a basis for the court to dismiss the action (*see Kapnisakis v Woo*, 114 AD3d 729, 730 [2014]; *Travis v Cuff*, 28 AD3d 749, 750 [2006]; *Hemberger v Jamaica Hosp.*, 306 AD2d 244, 244 [2003]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 198 [2001]). Further, an action in pre-note of issue status may be dismissed for want of prosecution under CPLR 3216 only if the statutory preconditions to dismissal are met (*see Anthoulis v Mastoros*, 36 AD3d 571, 572 [2007]; *Travis v Cuff*, 28 AD3d at 750; *Lopez v Imperial Delivery Serv.*, 282 AD2d at 194), and here, those preconditions were not met.

In light of our determination, we need not reach the plaintiff's remaining contention. Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.