■ MARTHA FLOREXILE-VICTOR, Appellant, v CARLINE DOUGLAS et al., Defendants, and CONEY ISLAND HOSPITAL, Respondent. [22 NYS3d 912]—

In an action, inter alia, for declaratory relief and to recover damages for assault and battery, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated November 18, 2013, which denied her motion to restore the case to the calendar.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion to restore the case to the calendar is granted.

On or about July 15, 2009, the pro se plaintiff commenced this action against, among others, Coney Island Hospital, seeking, inter alia, declaratory relief and to recover damages for assault. On or about January 5, 2010, the Supreme Court directed the plaintiff to file a petition pursuant to CPLR article 78 with respect to certain of her claims, and a new summons and complaint, within 60 days. The plaintiff apparently failed to file a petition or a new summons and complaint, and the case was marked "disposed" on or about May 15, 2012. By order to show cause dated June 10, 2013, the plaintiff moved to restore the case to the calendar. The hospital opposed the motion, contending that the case had been dismissed pursuant to CPLR 3404. The court denied the plaintiff's motion.

Contrary to the hospital's contention, CPLR 3404 does not apply to this pre-note of issue case (see Goodman v Lempa, 124 AD3d 581 [2015]; Dokaj v Ruxton Tower Ltd. Partnership, 55 AD3d 661 [2008]; Suburban Restoration Co., Inc. v Viglotti, 54 AD3d 750, 751 [2008]). Furthermore, there was no 90-day notice pursuant to CPLR 3216, nor was there any order directing the dismissal of the complaint pursuant to 22 NYCRR 202.27 (see Countrywide Home Loans, Inc. v Gibson, 111 AD3d 875 [2013]; Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17 [2013]; Rakha v Pinnacle Bus Servs., 98 AD3d 657, 658 [2012]). Accordingly, the plaintiff's motion to restore the case to the calendar should have been granted. Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.