(June 29, 2016)

■ BANK OF NEW YORK, as Trustee for the CERTIFICATE HOLDERS CWABS, INC. ASSET-BACKED CERTIFICATE SERIES, Appellant, v WILLIAM C. ARDEN et al., Defendants. [35 NYS3d 388]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated July 7, 2014, which denied its motion to restore the action to active status and to refer the action to the settlement conference part.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion to restore the action to active status and to refer the action to the settlement conference part is granted.

The plaintiff commenced this foreclosure action in 2005 and, following the defendants' default, obtained an order of reference in 2007. Thereafter, in late 2011, at a time when the

plaintiff was securing new counsel due to its former counsel's cessation of business, the Supreme Court scheduled a conference in this action at which none of the parties appeared. As a result, the court effectively marked the action off the active calendar pursuant to CPLR 3404. The plaintiff, unaware of these events, continued to prosecute the action until 2014, when it finally learned that the action had been marked off the calendar and sought to restore it to active status and to have it referred to the settlement conference part. The court denied the motion, reasoning that the plaintiff had failed to move to restore the action within the one-year time limit of CPLR 3404 and that the action was deemed abandoned as a consequence. We reverse.

The Supreme Court erred in denying the plaintiff's unopposed motion to restore, since CPLR 3404 is inapplicable to pre-note of issue actions such as this one (*see Cerrone v North Shore—Long Is. Jewish Health Sys., Inc.*, 134 AD3d 874, 875 [2015]; *Kapnisakis v Woo*, 114 AD3d 729, 730 [2014]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 198 [2001]). Therefore, since this action could not properly be marked off pursuant to CPLR 3404, the plaintiff was not obligated to move to restore within any specified time frame (*see Yunga v Yonkers Contr. Co., Inc.*, 134 AD3d 1031, 1033 [2015]; *Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17, 21 [2013]; *Rakha v Pinnacle Bus Servs.*, 98 AD3d 657, 657-658 [2012]; *Farley v Danaher Corp.*, 295 AD2d 559, 560 [2002]), and the plaintiff was not obligated to demonstrate a reasonable excuse for its failure to appear on the scheduled conference date and a potentially meritorious claim (*see Murray v Smith Corp.*, 296 AD2d 445, 446 [2002]; *Farley v Danaher Corp.*, 295 AD2d at 560). Accordingly, the court should have granted the plaintiff's motion to restore the action to active status and to refer the action to the settlement conference part. Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.