■ JPMorgan Chase Bank, N.A., Appellant, v Mehran Mehrnia et al., Defendants. [39 NYS3d 801]—In an action to foreclose a mortgage, the plaintiff appeals from an order of the

Supreme Court, Westchester County (DiBella, J.), dated April 2, 2014, which denied its unopposed motion to restore the action to the calendar.

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion to restore the action to the calendar is granted.

Contrary to the Supreme Court's conclusion, the plaintiff properly moved to restore the action to active status, rather than moving to vacate a dismissal of an action (*see Reed v Cornell Univ.*, 101 AD3d 840 [2012]; *Rakha v Pinnacle Bus Servs.*, 98 AD3d 657 [2012]). The action was never formally dismissed, as the marking-off procedures of CPLR 3404 do not apply to pre-note of issue actions such as this one (*see Bank of N.Y. v Arden*, 140 AD3d 1099 [2016]; *Florexile-Victor v Douglas*, 135 AD3d 903 [2016]; *Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan*, 67 AD3d 750 [2009]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190 [2001]). Moreover, no 90-day notice was ever issued pursuant to CPLR 3216 (*see Varricchio v Sterling*, 86 AD3d 535 [2011]; *Wasif v Khan*, 82 AD3d 1084 [2011]; *Lopez v Imperial Delivery Serv.*, 282 AD2d at 194), and no order was issued dismissing the action under 22 NYCRR 202.27 (*see Florexile-Victor v Douglas*, 135 AD3d at 903; *Countrywide Home Loans, Inc. v Gibson*, 111 AD3d 875 [2013]; *Varricchio v Sterling*, 86 AD3d at 535; *123X Corp. v McKenzie*, 7 AD3d 769 [2004]).

Under the circumstances, the Supreme Court erred in denying the plaintiff's unopposed motion to restore (*see Bank of N.Y. v Arden*, 140 AD3d 1099 [2016]; *Florexile-Victor v Douglas*, 135 AD3d at 903; *Rakha v Pinnacle Bus Servs.*, 98 AD3d at 658). Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.