Wells Fargo Bank, N.A. v Drago (2019 NY Slip Op 02145)





Wells Fargo Bank, N.A. v Drago


2019 NY Slip Op 02145


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-00260
2017-00263
 (Index No. 4547/11)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Domenick Drago, etc., appellant, et al., defendants.


David B. Gilbert, Middletown, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Domenick Drago appeals from (1) an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated October 21, 2016, and (2) a judgment of foreclosure and sale of the same court, also dated October 21, 2016. The order granted the plaintiff's motion, inter alia, to "restore" the action "to the court's calendar" and for leave to enter a judgment of foreclosure and sale. The judgment of foreclosure and sale, insofar as appealed from, upon the order, "restored" the action "to the court's calendar."
ORDERED that the appeal from the order dated October 21, 2016, is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed insofar as appealed from, without costs or disbursements.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In May 2011, the plaintiff commenced this action against the defendant Domenick Drago (hereinafter the defendant), among others, to foreclose a mortgage on certain residential property. In an order dated December 2, 2015, the Supreme Court, inter alia, referred the matter to a referee. Shortly thereafter, a court clerk advised the plaintiff's counsel by letter that the matter was scheduled for a status conference on March 8, 2016, and that, if counsel did not appear at the call of the calendar, the action would be dismissed without prejudice "pursuant to Uniform Rule 202.27." On March 8, 2016, the plaintiff's counsel failed to appear for the status conference, and the court purportedly dismissed the action, but no order was issued dismissing the action pursuant to 22 NYCRR 202.27.
In September 2016, the plaintiff moved, inter alia, to "restore" the action "to the court's calendar," and for leave to enter a judgment of foreclosure and sale. The defendant opposed the motion, arguing that because the action was dismissed pursuant to CPLR 3216(a), the plaintiff was required to make a motion pursuant to CPLR 5015(a) to vacate its default in appearing at the status conference, and, further, the plaintiff's unsubstantiated and conclusory assertions as to its [*2]excuse for failing to appear were not reasonable. The Supreme Court granted the plaintiff's motion and entered a judgment of foreclosure and sale. As to that branch of the plaintiff's motion which was to restore the action to the calendar, the court found that because the dismissal was "of an administrative nature," and not pursuant to CPLR 3216, the plaintiff did not need to move pursuant to CPLR 5015(a) to have the matter actively restored. The court stated that, in any event, the plaintiff had proffered a reasonable excuse for its non-appearance at the March 8, 2016, status conference. The defendant appeals, arguing that the court should not have granted that branch of the plaintiff's motion which was to restore the action to the calendar. The defendant characterizes the dismissal as having been pursuant to 22 NYCRR 202.27, and argues that the plaintiff failed to offer a reasonable excuse for its default in appearing at the status conference.
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiff's motion which was to "restore" the action "to the court's calendar." The action was never formally dismissed, as no order was issued dismissing the action under 22 NYCRR 202.27 (see JPMorgan Chase Bank, N.A. v Mehrnia, 143 AD3d 946, 947; Reed v Cornell Univ., 101 AD3d 840, 842; Rakha v Pinnacle Bus Servs., 98 AD3d 657, 658; Varricchio v Sterling, 86 AD3d 535). Because the action was never properly dismissed, the court, in considering the subject motion, need not have considered whether the plaintiff had a reasonable excuse for failing to appear at the status conference or whether it engaged in dilatory conduct (see Florexile-Victor v Douglas, 135 AD3d 903; Reed v Cornell Univ., 101 AD3d at 842; Rakha v Pinnacle Bus Servs., 98 AD3d at 658; Khaolaead v Leisure Video, 18 AD3d 820, 821; Lopez v Imperial Delivery Serv., 282 AD2d 190, 200; see also Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 19). Accordingly, we affirm the judgment insofar as appealed from.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court