Bank of Am., N.A. v Shami (2019 NY Slip Op 04901)





Bank of Am., N.A. v Shami


2019 NY Slip Op 04901


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-00541
2017-00542
 (Index No. 8372/08)

[*1]Bank of America, N.A., respondent,
v
Solomon E. Shami, appellant, et al., defendants.


Lawrence Katz, Valley Stream, NY, for appellant.
McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Allison Sanders and Mars Khaimov of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Solomon E. Shami appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 20, 2016, and (2) an order of the same court entered October 3, 2016. The order entered September 20, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Solomon E. Shami and for an order of reference, and denied the cross motion of the defendant Solomon E. Shami pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The order entered October 3, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Solomon E. Shami and for an order of reference, denied the cross motion of the defendant Solomon E. Shami pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and appointed a referee to compute the amount due on the mortgage loan.
ORDERED that the order entered September 20, 2016, is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Solomon E. Shami and for an order of reference are denied, the cross motion of the defendant Solomon E. Shami pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted, and so much of the order entered October 3, 2016, as granted those branches of the plaintiff's motion, denied the cross motion, and appointed a referee to compute the amount due on the mortgage loan is vacated; and it is further,
ORDERED that the appeal from the order entered October 3, 2016, is dismissed as academic in light of our determination on the appeal from the order entered September 20, 2016; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
In May 2008, the plaintiff commenced this action to foreclose a mortgage against Solomon E. Shami (hereinafter the appellant), among others. None of the defendants answered the complaint. The record indicates that following the release of the action from the foreclosure [*2]settlement part on October 6, 2008, there was no further activity in the action for several years, and, on October 23, 2012, the action was marked off the court's active calendar. By notice dated January 22, 2016, the plaintiff moved, inter alia, to vacate the dismissal of the action, to restore the action to the court's active calendar, for leave to enter a default judgment against the defendants, and for an order of reference. The appellant cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In the orders appealed from, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the appellant's cross motion.
Initially, we note that although the plaintiff moved to vacate the dismissal of the action, on this record, the action was never formally dismissed, as the marking-off procedures of CPLR 3404 do not apply to pre-note of issue actions such as this one (see JPMorgan Chase Bank, N.A. v Mehrnia, 143 AD3d 946, 947; Countrywide Home Loans, Inc. v Gibson, 111 AD3d 875, 875-876; Rakha v Pinnacle Bus Servs., 98 AD3d 657, 658) and, therefore, the plaintiff needed only to move to restore the action to active status (see JPMorgan Chase Bank, N.A. v Mehrnia, 143 AD3d at 947; Reed v Cornell Univ., 101 AD3d 840, 842; Rakha v Pinnacle Bus Servs., 98 AD3d at 658).
Notwithstanding the above, CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." The language of CPLR 3215(c) is mandatory in the first instance, inasmuch as it provides that the court "shall" dismiss the complaint when the plaintiff has not sought a default judgment within the requisite one-year period, as the action is deemed to have been abandoned (see Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671; Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; Kay Waterproofing Corp. v Ray Realty Fulton, Inc., 23 AD3d 624, 625). The statute gives the court discretion only where the plaintiff demonstrates "sufficient cause" as to why the complaint should not be dismissed (Ibrahim v Nablus Sweets Corp., 161 AD3d at 963; see HSBC Bank USA, N.A. v Grella, 145 AD3d at 671). To avoid dismissal of the complaint as abandoned under such circumstances, a plaintiff must offer a reasonable excuse for the delay in moving for leave to enter a default judgment, and must demonstrate that the complaint is potentially meritorious (see Ibrahim v Nablus Sweets Corp., 161 AD3d at 963; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 845-846; Kay Waterproofing Corp. v Ray Realty Fulton, Inc., 23 AD3d at 625).
Here, the plaintiff took no proceedings for entry of a default judgment within one year following the appellant's default in the action. In claiming otherwise, the plaintiff refers to matter dehors the record, which will not be considered (see Schondorf v Brookville Energy Partners, 303 AD2d 396). Further, contrary to the plaintiff's contention, its conclusory and unsubstantiated assertions that its delay was attributable to compliance with certain administrative orders instituted after the relevant time period, i.e., more than one year following the appellant's default in the action, and waiting for receipt of additional documentation, were insufficient to excuse the lengthy delay (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843; HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 634; Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848, 850; HSBC Bank USA, N.A. v Grella, 145 AD3d at 672).
Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff had a potentially meritorious cause of action (see Federal Natl. Mtge. Assn. v Heilpern, 164 AD3d 654, 656; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
Accordingly, the Supreme Court should have granted the appellant's cross motion and denied the subject branches of the plaintiff's motion.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court