Ruiz v Darren Corp. (2019 NY Slip Op 06158)





Ruiz v Darren Corp.


2019 NY Slip Op 06158


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2018-03347
 (Index No. 13143/12)

[*1]Rosemary Ruiz, et al., plaintiffs-respondents,
v
Darren Corporation, et al., defendants-respondents, Reviz Aslamozashvili, et al., appellants.


James G. Bilello (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Reviz Aslamozashvili and Giorgi Toreli appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 27, 2017. The order denied the motion of those defendants pursuant to CPLR 3104(d) to vacate an order of the same court (Martin Schneier, J.H.O.), dated July 12, 2017, which denied their motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute and granted the plaintiffs' cross motion to restore the action to active status and to compel those defendants to appear for depositions.
ORDERED that the order dated December 27, 2017, is affirmed, without costs or disbursements.
In June 2012, the plaintiffs commenced this action, inter alia, to recover damages for personal injuries, and the defendants Reviz Aslamozashvili and Giorgi Toreli (hereinafter together the defendants) served an answer in August 2012. On June 6, 2014, the action was marked "Other Final Disp. Pre-Note." In January 2017, the defendants served a 90-day demand upon the plaintiffs to resume prosecution. In May 2017, the defendants moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them on the ground that the plaintiffs failed to file a note of issue in response to the 90-day demand. In June 2017, the plaintiffs cross-moved to restore the action to active status and to compel the defendants to appear for depositions. Those motions were determined by a J.H.O. in the Supreme Court, Kings County, Centralized Compliance Part, who denied the defendants' motion and granted the plaintiffs' cross motion in an order dated July 12, 2017 (hereinafter the July 2017 order).
Thereafter, the defendants moved pursuant to CPLR 3104(d) to vacate the July 2017 order, arguing, inter alia, that their prior motion to dismiss for failure to prosecute and the plaintiffs' cross motion, among other things, to compel the defendants to appear for depositions were improperly determined by a J.H.O. In the order appealed from, the Supreme Court denied the defendants' motion to vacate the July 2017 order.
In determining the defendants' motion to dismiss for failure to prosecute and the plaintiffs' cross motion, the J.H.O., in effect, acted pursuant to CPLR 3104. CPLR 3104(a) provides that "[u]pon the motion of any party, . . . the court in which an action is pending may by one of its judges or a referee supervise all or part of any disclosure procedure." Here, the plaintiffs opposed the defendants' motion to dismiss for failure to prosecute on the ground that the 90-day notice was served prior to the completion of discovery, and cross-moved, among other things, to compel the [*2]defendants to appear for depositions. Thus, we agree with the Supreme Court's determination that "[b]oth the plaintiffs' motion . . . and the defendants' cross motion to dismiss for failure to prosecute were motions that were discovery related and properly before the JHO for resolution" (cf. Flores v New York City Hous. Auth., 151 AD3d 695).
Contrary to the defendants' contention, the J.H.O. providently exercised his discretion in denying their motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute. CPLR 3216 is "extremely forgiving" (Baczkowski v Collins Constr. Co., 89 NY2d 499, 503), "in that it never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (Davis v Goodsell, 6 AD3d 382, 383; see CPLR 3216[a], [e]; Baczkowski v Collins Constr. Co., 89 NY2d at 504-505; Altman v Donnenfeld, 119 AD3d 828). Even where the plaintiff fails to timely file a proper note of issue or make a motion in response to the 90-day demand, dismissal may be avoided where the plaintiff, in opposition to the motion to dismiss, shows a justifiable excuse for the delay and a potentially meritorious cause of action (see Baczkowski v Collins Constr. Co., 89 NY2d at 504-505; Worldwide Insurance Brokerage Ltd. v New City Management, LLC, 172 AD3d 1282; Furrukh v Forest Hills Hosp., 107 AD3d 668). Here, the plaintiffs provided a justifiable excuse for the delay in filing the note of issue and demonstrated a potentially meritorious cause of action.
Furthermore, we agree with the J.H.O.'s determination to grant the plaintiffs' motion, inter alia, to restore the action to active status, since no note of issue was filed in this action (see Bank of N.Y. v Arden, 140 AD3d 1099, 1100; Kapnisakis v Woo, 114 AD3d 729, 729-730; Hemberger v Jamaica Hosp., 306 AD2d 244).
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion pursuant to CPLR 3104(d) to vacate the July 2017 order.
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court