Deutsche Bank Natl. Trust Co. v Gambino (2020 NY Slip Op 01476)





Deutsche Bank Natl. Trust Co. v Gambino


2020 NY Slip Op 01476


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2017-08290
 (Index No. 130026/09)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Joanne Gambino, respondent, et al., defendants.


Houser LLP, New York, NY (Kathleen M. Massimo of counsel), for appellant.
Howard M. File, Esq., P.C., Staten Island, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated April 14, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to restore the action to the active calendar and granted the cross motion of the defendant Joanne Gambino to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was to restore the action to the active calendar is granted, and the cross motion of the defendant Joanne Gambino to dismiss the complaint insofar as asserted against her is denied.
In 2004, Joanne Gambino executed a promissory note secured by a mortgage on her real property. On May 21, 2010, the mortgage was assigned to "Deutsche Bank National Trust Company as Trsutee [sic]" and then to "Deutsche Bank National Trust Company, as Trustee . . . [for] Morgan Stanley ABS Capital I Inc. Trust 2004-NC4, Mortgage Pass-Through Certificates, Series 2004-NC4" (hereinafter together the Bank). Gambino defaulted upon her payment obligations. In January 2009, the Bank, denominated as "Deutsche Bank National Trust Company as Trsutee [sic]" commenced this action to foreclose the mortgage (hereinafter the 2009 action). Gambino served a notice of appearance, but failed to interpose an answer. In an order dated May 3, 2012, the Bank was directed to move for an order of reference on or before May 31, 2012, "or the matter will be dismissed for plaintiff's failure to prosecute." The Bank took no further action, and the 2009 action was "administratively dismissed" in July 2012.
In 2015, the Bank, denominated as "Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2004-NC4, Mortgage Pass-Through Certificates, Series 2004-NC4," commenced a new action against, among others, Gambino, to foreclose the same mortgage (hereinafter the 2015 foreclosure action). In the complaint, the Bank recited that it intended to have the 2009 action discontinued. Gambino moved, inter alia, to dismiss the complaint in the 2015 foreclosure action insofar as asserted against her as time-barred, contending that more than six years had elapsed since the acceleration of the debt in the 2009 action, and that the 2009 action had been "administratively dismissed" in 2012. In an order dated March [*2]17, 2016, the Supreme Court denied the motion on the ground that the 2009 action had never been properly dismissed because a 90-day demand was never served upon the Bank pursuant to CPLR 3216. Gambino appealed from the order dated March 17, 2016.
On Gambino's prior appeal, this Court determined that the Supreme Court erred in denying Gambino's motion on a ground that the parties had not litigated, namely that the 2009 action had never been properly dismissed. This Court reversed the Supreme Court's denial of Gambino's motion to dismiss the complaint in the 2015 foreclosure action insofar as asserted against her, determining that it was time-barred (see Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232 [hereinafter Gambino I]).
In December 2016, while the prior appeal was pending before this Court, the Bank moved, inter alia, to restore the 2009 action to the active calendar. In relevant part, the Bank argued that the Supreme Court was without authority to dismiss this action due to its failure to comply with CPLR 3216(b). Gambino opposed the motion, contending, among other things, that the time to seek restoration had expired, and she cross-moved to dismiss the complaint insofar as asserted against her. In an order dated April 14, 2017, the Supreme Court, inter alia, denied that branch of the Bank's motion which was to restore the 2009 action to the active calendar and granted Gambino's cross motion to dismiss the complaint insofar as asserted against her. The Bank appeals.
Contrary to Gambino's contention, this Court's determination in Gambino I did not constitute the law of the case with regard to the propriety of the dismissal of the 2009 action. The doctrine of the law of the case "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case" (Mosby v Parilla, 140 AD3d 1129, 1130-1131 [internal quotation marks omitted]; see Ramanathan v Aharon, 109 AD3d 529, 530). In Gambino I, this Court concluded only that the 2015 foreclosure action was time-barred. As this Court expressly stated, in Gambino I, the plaintiff did not dispute the propriety of the dismissal of the 2009 action and, therefore, any issue as to whether the 2009 action had been properly dismissed was not before this Court (see Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d at 1234).
Nor is the Bank precluded by the concept of judicial estoppel from disputing the administrative dismissal of the 2009 action. While, in an effort to successfully prosecute the 2015 foreclosure action, the Bank represented that it would seek to discontinue the 2009 action, it is not judicially estopped from changing its position. " [A] party who assumes a certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from assuming a contrary position in another action simply because his or her interests have changed'" (Barker v Amorini, 121 AD3d 823, 824, quoting GECMC 2007-C1 Burnett St., LLC v Hoti Enters., L.P., 115 AD3d 642, 643). The Bank did not obtain a favorable judgment in the 2015 foreclosure action.
The Supreme Court should have granted that branch of the Bank's motion which was to restore the 2009 action to the active calendar. The 2009 action was never formally dismissed, as the marking-off procedures of CPLR 3404 do not apply to pre-note of issue actions such as this one (see WM Specialty Mortg., LLC v Palazzollo, 145 AD3d 714, 715; JPMorgan Chase Bank, N.A. v Mehrnia, 143 AD3d 946, 947). Since the 2009 action could not properly be marked off pursuant to CPLR 3404, the Bank was not required to move to restore within any specified time frame and was not obligated to demonstrate a reasonable excuse and a potentially meritorious claim (see Bank of N.Y. v Arden, 140 AD3d 1099, 1100; Yunga v Yonkers Contr. Co., Inc., 134 AD3d 1031, 1033; Rakha v Pinnacle Bus Servs., 98 AD3d 657, 657-658). Further, there was neither a 90-day notice pursuant to CPLR 3216 (see Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393; Campbell v New York City Tr. Auth., 109 AD3d 455, 455), nor an order dismissing the complaint pursuant to 22 NYCRR 202.27 (see Wells Fargo Bank, N.A. v Drago, 170 AD3d 1083, 1084; JPMorgan Chase Bank, N.A. v Mehrnia, 143 AD3d at 947). Finally, Gambino does not contend that the 2009 action was dismissed pursuant to CPLR 3215(c).
The parties' remaining contentions are without merit.
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court