Ramsey v All Around Trans Inc. (2024 NY Slip Op 50243(U))

[*1]

Ramsey v All Around Trans Inc.

2024 NY Slip Op 50243(U)

Decided on March 10, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2024
Supreme Court, Kings County

Barbara Ramsey, Plaintiff,

against
All Around Trans Inc., John or Jane Doe, fictitious names intended for the driver of the motor vehicle, Brooklyn Gardens Nursing & Rehab, John or Jane Doe-Nursing Aide, as yet unidentified, Defendants.

Index No. 502832/2018

Rubenstein & Rynecki, Brooklyn (Robert Mijuca of counsel), for Plaintiff.
Shearer, P.C., Locust Valley (John D. Katz of counsel) for Defendant All Around Trans Inc.
Caitlin Robin & Associates, New York City (Justin M. Loveland of counsel) for Defendant Brooklyn Gardens Nursing & Rehab.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York City (Olivia Knott of counsel), for Defendant Exclusive Nursing Staff Inc., in Index No. 502832/2018.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
NYSCEF Document No. 43: Notice of Motion to Consolidate
NYSCEF Document No. 44: Affirmation of Rober Mijuca, Esq. in Support of Motion ("Mijuca aff")
NYSCEF Document No. 45: Exhibit A — Summons and Complaint in Original Action
NYSCEF Document No. 46: Exhibit B — Summons and Complaint in New Action
NYSCEF Document No. 47: Exhibit C — Answer of All Around Trans, Inc. in Original Action
NYSCEF Document No. 48: Exhibit D — Answer of Brooklyn Gardens Nursing & Rehab in Original Action
NYSCEF Document No. 49: Exhibit E — Answer of Exclusive Nursing Staff, Inc. in New Action
NYSCEF Document No. 50: Affidavit of Service
NYSCEF Document No. 51: Correspondence to Court
NYSCEF Document No. 52: Correspondence to Court
NYSCEF Document No. 53: Order Lifting Stay and Directing Order to be Returnable on 1/12/24
NYSCEF Document No. 55: Order on Motion
NYSCEF Document No. 55: Interim Order
NYSCEF Document No. 56: Affirmation of Olivia T. Knott, Esq. in Opposition to Motion ("Knott aff")
NYSCEF Document No. 57: Reply affirmation of Michael J. Conte, Esq. in Support of Motion
 Background
This is a personal injury action to recover damages for injuries sustained by Plaintiff Barbara Ramsey on December 4, 2017, due to the alleged negligence of Defendants. It was commenced in 2018 against Defendants All Around Trans Inc. ("All Around Trans") and Brooklyn Gardens Nursing & Rehab ("Brooklyn Gardens") under Index No. 502832/2018. In 2020, an action was commenced under Kings County Index No. 513709/2020 against Defendant Exclusive Nursing Staff Inc. ("Exclusive Nursing Staff"). (See NYSCEF Doc No. 44, Mijuca aff at 1-2.)
Defendant Exclusive Nursing Staff was in an agreement with Defendant All Around Trans to provide medical non-emergency transportation and/or ambulette services to patients residing at the facility operated at Defendant Brooklyn Gardens (see NYSCEF Doc No. 46, complaint in new action ¶ 13). Pursuant to this agreement, Exclusive Nursing Staff provided the services of one of its employees, Renee Lundy, a certified nursing assistant, to assist Plaintiff in boarding an ambulette run by All Around Trans on December 4, 2017 (see id. ¶¶ 16, 18). On that date, Plaintiff was allegedly injured when she fell out of her wheelchair due to the negligence of Renee Lundy and the negligent driving of Defendant John or Jane Doe, an ambulette operator employed by All Around Trans; Plaintiff had not been secured with a seatbelt, causing her to fall off her wheelchair inside the ambulette (see id. ¶¶19-20; NYSCEF Doc No. 44 at 1).
Plaintiff argues that since both actions resulted out of the same set of facts it would serve the interests of judicial economy and convenience to have both these actions — the instant one commenced against All Around Trans and Brooklyn Gardens and the newer one commenced against Exclusive Nursing Staff — consolidated for all purposes. This motion seeks such a consolidation pursuant to CPLR 602 (a). (See NYSCEF Doc No. 44, Mijuca aff at 2.)

Defendant's Opposition to Consolidation
Exclusive Nursing Staff asserts that Plaintiff's motion to consolidate must be denied in its entirety as the two actions are at vastly different procedural stages. Said Defendant argues that consolidation would result in substantial prejudice to it. (See NYSCEF Doc No. 56, Knott aff ¶ 5). Specifically, Exclusive Nursing Staff maintains that consolidation at this point in the proceedings would unnecessarily delay the action against All Around Trans and Brooklyn Gardens — wherein all depositions were completed and which is imminently going to have a note of issue filed — while depriving Exclusive Nursing Staff of conducting meaningful discovery; the only litigation activity that has occurred on Exclusive Nursing Staff's end is the filing of its answer in November of 2020 (see id. ¶¶ 7, 9-10).

Discussion
"The trial court has broad discretion in determining whether to order consolidation" (Hanover Ins. Group v Mezansky, 105 AD3d 1000 [2d Dept 2013]). "Where common questions of law or fact exist, a motion to consolidate or join for trial pursuant to CPLR 602 should be granted absent a showing of prejudice to a substantial right by the party opposing the motion" (Oboku v New York City Tr. Auth., 141 AD3d 708, 709 [2d Dept 2016]). Furthermore, in [*2]ordering consolidation or a joint trial, a court will weigh whether the motion serves the interest of justice and judicial economy while avoiding an inconsistent determination (see Cusumano v Cusumano, 114 AD3d 633, 634 [2d Dept 2014]).
It is undisputed that the events which gave rise to both actions constitute common questions of fact and the law. Plaintiff alleges that she was injured as a result of the negligence of employees for both Exclusive Nursing Staff and All Around Trans, and that said injuries had arisen out of the same occurrence. The issue here turns on whether Exclusive Nursing Staff has presented facts sufficient for a determination that consolidation would substantially prejudice their right to a fair trial.
Defendant Exclusive Nursing Staff raised valid concerns as to why the motion for consolidation should be denied. Specifically, at oral argument, Exclusive Nursing Staff presented convincing arguments that it was not their job to pursue discovery and that the Plaintiff had the burden to ensure the trial was proceeding. As such, Exclusive Nursing Staff asserts that they are ill-equipped for a trial that is fast approaching and need time to depose, while the parties in the other, earlier action have already collected the necessary discovery. Plaintiff contends that discovery was barred by a stay in the other, newer action due to difficulties with an insurance company going into liquidation.
However, because a note of issue has not yet been filled in the instant earlier action, the Court finds that Exclusive Nursing Staff would not be unduly burdened by granting the motion for consolidation. Despite Exclusive Nursing Staff's claims, there is still enough time for discovery to be completed without derailing this original action. Even if a note of issue was already in place, courts are given great discretion in granting an extension of time where an adequate showing for an extension is presented (see Ramachandra v Gelco Corp., 13 AD3d 510 [2d Dept 2004]). In any event, there is no deadline set at this point for the note of issue to be filed.

 Conclusion
Upon the foregoing papers, having heard oral argument, due deliberation having been had, and the within decision being issued by the Court, it is hereby ORDERED as follows:[FN1]

(1) In weighing the court's ability to extend the note of issue and given the shared material questions of fact, the Court finds that the interests of judicial economy would be served by consolidation. The motion by Plaintiff seeking consolidation with another action is GRANTED to the extent that the actions assigned the following Index Numbers are consolidated for all purposes: 502832/2018 and 513709/2020.
(2) The Clerk of Kings County is directed to consolidate the file of the action assigned Index No. 513709/2020 into the file of the action assigned Index No. 502832/2018.
(3) The pleadings in each action shall stand as the pleadings in the consolidated action.
(4) A copy of this order with notice of entry shall be served upon all parties to the consolidated action.
(5) The caption of the consolidated action shall read as follows:

-------------------------------------------------------------------------------X
BARBARA RAMSEY,                                                            Index No.                                                              Plaintiff,                   502832/2018                            
-against-
ALL AROUND TRANS INC., JOHN or JANE DOE, fictitious names
intended for the driver of the motor vehicle, BROOKLYN GARDENS 
NURSING & REHAB, JOHN or JANE DOE-Nursing Aide, as yet unidentified, and EXCLUSIVE NURSING STAFF INC.,                                                                Defendants.-------------------------------------------------------------------------------X
Dated: March 10, 2024
Hon. Aaron D. Maslow
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).